[No. B194844. Second Dist., Div. Seven. Apr. 9, 2007.]

BELAIRE-WEST LANDSCAPE, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SEBASTIAN RODRIGUEZ et al., Real Parties in Interest.

COUNSEL

Atkinson, Andelson, Loya, Ruud & Romo, Robert R. Roginson and Christopher S. Milligan for Petitioner.

No appearance for Respondent.

Nava Law Firm, César H. Nava, Santos Gomez, Stanley J. Hodson; Cullen & Associates and Paul T. Cullen for Real Parties in Interest.

OPINION

ZELON, J.—Real parties in interest Sebastian Rodriguez and Jose Luis Mosqueda filed a putative class action lawsuit against their former employer, Belaire-West Landscaping, Inc., alleging wage and hour violations. During precertification discovery, the trial court granted a motion to compel Belaire-West to provide the names and contact information of all current and former Belaire-West employees and adopted a proposed notice to those individuals that would have required them to object in writing in order to prevent information about them from being disclosed to the real parties in interest. Applying *Pioneer Electronics (USA), Inc. v. Superior Court* (2007) 40 Cal.4th 360 [53 Cal.Rptr.3d 513, 150 P.3d 198] (*Pioneer*), we conclude that the opt-out notice adequately protects the privacy rights of the current and former employees involved. We deny the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

Rodriguez and Mosqueda worked for Belaire-West in 2003. They filed a putative class action suit against Belaire-West on September 10, 2004.

On April 4, 2005, Rodriguez and Mosqueda served interrogatories requesting the names, last known addresses, and last known telephone numbers of all of people employed by Belaire-West in California since September 10, 2000. Belaire-West objected to the interrogatories on various grounds and refused to provide the requested information. Rodriguez and Mosqueda moved to compel further responses to the interrogatories.

The trial court granted the motion to compel further responses, ordered the names of current and former employees disclosed to the plaintiffs, and ordered the parties to attempt to draft a joint proposed notice to the individuals whose information would be disclosed that would address the privacy concerns raised by the potential disclosure. The parties were unable to agree on a proposed notice and submitted separate drafts to the court.

After briefing and argument, the trial court modified the plaintiffs' proposed notice and ordered Belaire-West to send it to all its current and former employees. The notice advised current and former Belaire-West employees of the lawsuit and its core allegations, and explained who may be a member of the proposed class. It described the investigation the plaintiffs' attorneys were performing, and stated that "[t]o assist in the investigation, the attorneys for the Plaintiffs wish to gather information regarding the nature of the work you do (or used to do), while employed by Belaire-West, including the amount of any overtime you may have worked. They have sought to obtain your names, addresses and telephone numbers, so that they can communicate with you about the allegations made in the lawsuit."

The letter continued, "By order of the Los Angeles Superior Court, Plaintiffs' counsel has already been provided your names. The Court has ordered that a letter be sent to you to determine if you would object to Plaintiffs' counsel receiving your address and telephone number. You may elect not to provide your address and/or telephone number to Plaintiffs' counsel on the grounds of privacy. [¶] Plaintiffs' counsel would like to have your address and telephone number to help in their investigation. The Plaintiffs' lawyers would like to contact you to obtain your input as to whether the Plaintiffs' allegations in their lawsuit are accurate. [¶] THERE-FORE, IF YOU DO NOT WANT YOUR ADDRESS AND TELEPHONE NUMBER TO BE PROVIDED TO THE PLAINTIFFS' ATTORNEYS, YOU MUST complete and return THE ENCLOSED POST CARD to the address listed on the postcard."

Included were the names, addresses, and telephone numbers of the plaintiffs' counsel, with the information that recipients had the right to contact the plaintiffs' counsel and that they speak Spanish. Finally, the notice advised, "You are under no obligation to provide information to or discuss this matter with the Plaintiffs' attorneys or any person representing the former employees. [¶] You are also under no obligation to provide information to or discuss this matter with Belaire-West or any of its agents or attorneys. Your employer may not retaliate against you in any way for providing or refusing to provide any information."

The court found that the opt-out notice "identifies the petitioners' counsel and requests class members' assistance in investigating the case; makes clear that potential class members are under no obligation to contact Plaintiffs' counsel; tells potential class members that Belaire-West Landscape, Inc. or its attorney may want to contact them; provides contact information for defense counsel in case a class member wishes to assist the defense; advises class members that they are under no obligation to talk to defense counsel; advises class members that Belaire-West Landscape, Inc. may not retaliate against

them for either refusing to assist Belaire-West or for assisting Plaintiffs and, finally, accurately sets forth the contentions of the parties."

The court continued, "Having considered the parties' respective contentions, the contents of the proposed notice and having balanced the potential for abuse against Plaintiffs' rights fully to investigate their claims and the rights of privacy of the potential class members, the court is satisfied that the form of notice to be sent to the putative class members insures and effectively limits the potential for any abuse."

Belaire-West filed the instant petition for writ of mandate and sought an immediate stay. This court ordered the requested stay and issued an order to show cause why the order adopting the opt-out notice should not be rejected in favor of an opt-in privacy notice procedure. The parties submitted briefing on this issue and then, at this court's request, submitted supplemental briefs addressing the impact of the California Supreme Court's recent decision in *Pioneer*, *supra*, 40 Cal.4th 360.

## DISCUSSION

In *Pioneer*, *supra*, 40 Cal.4th 360, the California Supreme Court addressed the question of whether to use an opt-out or opt-in notice for precertification discovery of potential class members in a putative class action suit. The potential class members in *Pioneer* were individuals who had complained to Pioneer that its DVD players were defective. The California Supreme Court concluded that under the circumstances presented, an opt-out notice was sufficient to protect the privacy rights of the DVD purchasers. (*Pioneer*, *supra*, 40 Cal.4th at p. 366.)

■ The Supreme Court began with an analysis of the right to privacy, which "protects the individual's *reasonable* expectation of privacy against a *serious* invasion." (*Pioneer*, *supra*, 40 Cal.4th at p. 370.) Whether a legally recognized privacy interest exists is a question of law, and whether the circumstances give rise to a reasonable expectation of privacy and a serious invasion thereof are mixed questions of law and fact. (*Ibid.*) " 'If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law.' " (*Ibid.*, quoting *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1, 40 [26 Cal.Rptr.2d 834, 865 P.2d 633] (*Hill*).)

■ The *Pioneer* court employed the analytical framework set forth in *Hill*, *supra*, 7 Cal.4th 1, for evaluating claims of invasion of privacy under the California Constitution. As a starting point, the claimant must possess a

"legally protected privacy interest." (*Hill*, *supra*, 7 Cal.4th at p. 35.) Next, the claimant must have a reasonable expectation of privacy under the particular circumstances, including the customs, practices, and physical settings surrounding particular activities. (*Id.* at pp. 36–37.) Third, the invasion of privacy must be serious in nature, scope, and actual or potential impact; trivial invasions do not create a cause of action. (*Id.* at p. 37.) If a claimant meets these criteria, then the court must balance the privacy interest at stake against other competing or countervailing interests. (*Pioneer*, *supra*, 40 Cal.4th at pp. 370–371.)

Applying that standard in *Pioneer*, the Supreme Court found no abuse of discretion in the use of an opt-out notice. (*Pioneer*, *supra*, 40 Cal.4th at p. 371.) The *Pioneer* trial court had recognized that the identifying information "was probably entitled to some privacy protection, and the court ultimately required notice to each affected Pioneer customer of the proposed disclosure and a chance to object to it." (*Id.* at p. 372.) The Supreme Court asked, "Did these customers have a reasonable expectation that the information would be kept private *unless they affirmatively consented*? We think not." (*Ibid.*) The court focused on the fact that the consumers in question had voluntarily disclosed their contact information to Pioneer in seeking redress of their grievances concerning a Pioneer DVD player. "Pioneer's complaining customers might reasonably expect to be notified of, and given an opportunity to object to, the release of their identifying information to third persons. Yet it seems unlikely that these customers, having already voluntarily disclosed their identifying information to that company in the hope of obtaining some form of relief, would have a reasonable expectation that such information would be kept private and withheld from a class action plaintiff who possibly seeks similar relief for other Pioneer customers, *unless the customer expressly consented to such disclosure*. If anything, these complainants might reasonably expect, and even hope, that their names and addresses would be given to any such class action plaintiff." (*Pioneer*, *supra*, 40 Cal.4th at p. 372.)

The Supreme Court determined that the disclosure of the consumers' identifying information with an opt-out notice was not a serious invasion of privacy. (*Pioneer*, *supra*, 40 Cal.4th at p. 372.) "[T]he proposed disclosure was not 'particularly sensitive,' as it involved disclosing neither one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information, but merely called for disclosure of contact information already voluntarily disclosed to Pioneer." (*Ibid.*) Disclosure of the information did not "unduly interfere" with the individuals' informational privacy (protection against "dissemination and misuse of sensitive and confidential information") or their autonomy privacy (protection against interference with "personal activities and decisions") because they could object to the disclosure and because there was no indication of potential misuse or abuse of the information. (*Ibid.*)

As the high court observed, "Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case. [Citations.] Such disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches. Moreover, the order in this case imposed important limitations, requiring written notice of the proposed disclosure to all complaining Pioneer customers, giving them the opportunity to object to the release of their own personal identifying information." (*Pioneer, supra,* 40 Cal.4th at p. 373.) The Supreme Court dismissed the concern that the opt-out notices might never be delivered and read, observing that reasonable steps to ensure delivery, not absolute certainty of receipt, was required. (*Ibid.*)

As Pioneer's failure to demonstrate that the consumers possessed a reasonable expectation of privacy or that there was a serious invasion of privacy from the disclosure with opt-out notices was fatal to a breach of privacy cause of action, the California Supreme Court observed that it did not need to engage in any balancing of interests under the *Hill* framework. (*Pioneer, supra,* 40 Cal.4th at pp. 373–374.) The Supreme Court nonetheless performed that balance to reinforce its conclusion that the disclosure order was not an abuse of discretion. (*Ibid.*) "The court could reasonably conclude that, on balance, plaintiff's interest in obtaining contact information regarding complaining Pioneer customers outweighed the possibility that some of these customers might fail to receive their notice and thus lose the opportunity to object to disclosure. Our discovery statute recognizes that 'the identity and location of persons having [discoverable] knowledge' are proper subjects of civil discovery. [Citations.] In a real sense, many of Pioneer's complaining customers would be *percipient witnesses* to relevant defects in the DVD players." (*Ibid.*)

In terms of fairness to the litigants, for Pioneer to retain this information would significantly enhance its litigation position; conversely, were the plaintiff able to contact complaining customers he would significantly improve his chances of assembling a successful class action suit against Pioneer, ultimately benefiting those customers. The court observed that "[i]t makes little sense to make it *more* difficult for plaintiff to contact them by insisting they first affirmatively contact Pioneer as a condition to releasing the same contact information they already divulged long ago." (*Pioneer, supra,* 40 Cal.4th at p. 374.)

Finally, the Supreme Court noted that as a matter of policy, requiring an affirmative waiver from persons whose personal identifying information is sought by others could hamper litigation designed to remedy social problems,

including consumer rights litigation, and reduce the effectiveness of class actions in securing consumer relief. (*Pioneer, supra,* 40 Cal.4th at pp. 373–374.)

The *Pioneer* analysis leads us to conclude that opt-out notices will also suffice here. The contact information for Belaire-West's current and former employees deserves privacy protection. In fact, the privacy concerns here are more significant than those in *Pioneer,* where the complaining consumers voluntarily disclosed their information to the company in hope of gaining some relief for their allegedly defective DVD players. Here, the information was given to Belaire-West as a condition of employment. It is most probable that the employees gave their addresses and telephone numbers to their employer with the expectation that it would not be divulged externally except as required to governmental agencies (such as the Internal Revenue Service, the Social Security Administration, etc.) or to benefits providers such as insurance companies. This is a reasonable expectation in light of employers' usual confidentiality customs and practices. (See *Hill, supra,* 7 Cal.4th at pp. 36–37; *Pioneer, supra,* 40 Cal.4th at p. 370.)

While it is unlikely that the employees anticipated broad dissemination of their contact information when they gave it to Belaire-West, that does not mean that they would wish it to be withheld from a class action plaintiff who seeks relief for violations of employment laws. Just as the dissatisfied Pioneer customers could be expected to want their information revealed to a class action plaintiff who might obtain relief for the allegedly defective DVD players (*Pioneer, supra,* 40 Cal.4th at pp. 371–372), so can current and former Belaire-West employees reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed.

On the second question, whether there is a serious invasion of privacy, *Pioneer* is directly on point. While the trial court here did not explicitly make findings as to the seriousness of the invasion of privacy, the court's ruling does indicate that the court recognized the privacy rights of the employees and evaluated both the potential of abuse of the contact information if it were to be disclosed and the adequacy of the notice to eliminate that possibility of abuse. With its ruling, the trial court implicitly found that no serious invasion of privacy would result from the release of the names, last known addresses, and last known telephone numbers of current and former employees as long as the disclosure was limited to the named plaintiffs in a putative class action filed against their employer following a written notice to employees giving them the opportunity to object to the disclosure of that information. That implicit finding is reasonable and supported by the facts. Just as in *Pioneer, supra,* 40 Cal.4th at pages 372–373, the information, while personal, was not

particularly sensitive, as it was contact information, not medical or financial details. Disclosure of the contact information with an opt-out notice would not appear to unduly compromise either informational privacy or autonomy privacy in light of the opportunity to object to the disclosure, as the court specifically found that there was no evidence of any actual or threatened misuse of the information.

As the *Pioneer* court pointed out, the identity of potential members of a class is usually discoverable, and the disclosure of this contact information is neither unduly personal nor overly intrusive. (*Pioneer, supra,* 40 Cal.4th at p. 373.) Here, as in *Pioneer*, the court's order imposed vital limits, requiring written notice of the proposed disclosure to all current and former employees and providing them with the opportunity to object to the release of their contact information to the plaintiffs. Just as in *Pioneer*, the court's order here involved no serious invasion of privacy.

While our conclusion that there is no serious invasion of privacy from the disclosure with an opt-out notice obviates any need to engage in further analysis, we nonetheless observe that the balance of interests also supports the trial court's order. The current and former employees are potential percipient witnesses to Belaire-West's employment and wage practices, and as such their identities and locations are properly discoverable. (Code Civ. Proc., § 2017.010.) Petitioners express concern that an employee might "dispose[] of the notice in the trash without opening it, or ignore[] the notice because of lack of recognition or interest," but the likelihood that the notice would be overlooked or mistakenly discarded as junk mail appears smaller here than in *Pioneer, supra,* 40 Cal.4th 360: A communication from a current or former employer is more likely to command a recipient's attention than a mailing from an electronics manufacturer, and it is doubtful that it would be mistaken for advertising or junk mail. The balance of opposing interests here tilts even more in favor of the court's disclosure order than it did in *Pioneer*, because at stake here is the fundamental public policy underlying California's employment laws. " '[T]he prompt payment of wages due an employee is a fundamental public policy of this state.' [Citation.]" (*Phillips v. Gemini Moving Specialists* (1998) 63 Cal.App.4th 563, 571 [74 Cal.Rptr.2d 29].)

We conclude that the trial court properly evaluated the rights and interests at stake, considered the alternatives, balanced the competing interests, and permitted the disclosure of contact information regarding Belaire-West's current and former employees unless, following proper notice, they objected in writing to the disclosure. Requiring current and former employees to object to disclosure of their identities and contact information presents no serious invasion of their privacy interests.

## DISPOSITION

The writ is denied. Real parties in interest shall recover their costs in this proceeding.

Perluss, P. J., and Woods, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 25, 2007, S152806. Werdegar, J., did not participate therein.