Anna NGUYEN, an individual on behalf of herself and all others similarly situated, Plaintiff,

v.

BAXTER HEALTHCARE CORPORATION, a Delaware Corporation, and Does 1 through 50, inclusive, Defendants.

No. SACV 10–01436 CJC (SSx).

United States District Court, C.D. California.

June 6, 2011.

James R. Hawkins, William Stuart Caldwell, James Hawkins APLC, Irvine, CA, for Plaintiff.

John R. Giovannone, Jonathan Lawrence Brophy, Jonathan D. Meer, Timothy Michael Rusche, Seyfarth Shaw LLP, Los Angeles, CA, for Defendants.

## MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "MOTION FOR AN ORDER DIRECTING DEFENDANT TO PRODUCE FURTHER RESPONSES TO SPECIAL INTERROGATORIES, SET ONE, AND REQUESTS FOR PRODUCTION, SET ONE" (Docket No. 46)

SUZANNE H. SEGAL, United States Magistrate Judge.

### I.

### INTRODUCTION

On April 22, 2011, Plaintiff Anna Nguyen ("Plaintiff") filed a "Motion for an Order Directing Defendant to Produce Further Responses to Special Interrogatories, Set One, and Requests for Production, Set One" (the "Motion"), seeking to compel further responses and documents from Defendant Baxter Healthcare Corporation ("Defendant" or "Baxter Healthcare"). The parties submitted a Joint Stipulation (the "Jt. Stip.") reflecting their respective positions regarding the Motion. Plaintiffs also submitted the declaration of William S. Caldwell (the "Caldwell declaration" or "Caldwell Decl.") and certain exhibits in support of the Motion. Defendant submitted the declaration of Timothy M. Rusche (the "Rusche declaration" or "Rusche Decl.") and certain exhibits in Opposition to the Motion.

On May 3, 2011, Plaintiff filed a Supplemental Memorandum in support of the Motion (the "Supplemental Memorandum" or "Supp. Memo."). Also on May 3, 2011, Defendant filed a Supplemental Memorandum in Opposition to the Motion (the "Supplemental Opposition" or "Supp. Opp."). On May 17, 2011, the Court held a hearing on the Motion. For the reasons stated below as well as those discussed at the hearing, the Motion is GRANTED IN PART and DENIED IN PART.

## II.

### FACTUAL & PROCEDURAL BACKGROUND

Plaintiff alleges that Defendant has violated California Labor Code sections 512(a) and 226(a), as well as the applicable Industrial Welfare Commission Order. (Jt. Stip. at 2). Specifically, Plaintiff contends that she was denied adequate meal periods and that her pay check stubs did not reflect the hourly rate of pay for her shift differential pay. (*Id.* at 2–3). Plaintiff seeks to represent a class comprised of all non-exempt manufacturing employees of Baxter Healthcare who are employed or have been employed by Defendant in California and who have been denied adequate meal periods or have been provided pay check stubs that did not reflect the hourly rate of pay for shift differential pay. (*Id.* at 3).

Defendant agrees that Plaintiff's operative class definition is limited to non-exempt manufacturing employees who are employed or have been employed in California and who have been denied adequate meal periods or have been provided pay check stubs that did not reflect the hourly rate of pay for shift differential pay. (Jt. Stip. at 4, 6). However, Defendant contends that Plaintiff's discovery requests extend beyond the operative class definition by seeking information relating to all "non-exempt hourly employees" instead of only non-exempt "manufacturing employees." (*Id.* at 4). Defendant further contends that even where Plaintiff has limited her discovery requests to "manufacturing employees," she has failed to include the additional limitation of employees who were

"not provided a lawful 30 minute meal period." (*Id.* at 6).

On April 11, 2011, Plaintiff filed an "*Ex Parte* Application for an Order to Continue the Date for Filing Her Class Certification Motion," seeking an extension of the deadline to file a motion for class certification. On April 19, 2011, the District Judge issued an Order Granting Plaintiff's *Ex Parte* Application (the "Order Granting") extending the deadline to file a motion for class certification until July 25, 2011. The District Judge explained that he granted the extension of time to allow this Court to resolve the discovery dispute contained in the instant Motion. (Order Granting at 2–3). The District Judge noted Plaintiff's representation that she was not seeking any additional discovery beyond the previously noticed depositions and the supplemental responses that are the subject of the instant Motion. (*Id.* at 3).

On April 18, 2011, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion to Dismiss") contending that Plaintiff had failed to allege a *prima facie* case for class relief. On May 12, 2011, the District Judge issued an Order Denying Defendant's Motion to Dismiss (the "Order Denying"). Specifically, the District Judge found that Plaintiff had "adequately alleged the Rule 23 numerosity, commonality, typicality and adequacy requirements, as well as the rule 23(b)(3) predominance and superiority requirements." (Order Denying at 3). The District Judge further found that Plaintiff had "alleged sufficient facts to state a plausible class-wide claim that [Defendant] failed to provide meal periods as required by California law." (*Id.*). Finally, the District Judge found that Plaintiff had "alleged sufficient facts to state a plausible class-wide claim that [Defendant] failed to provide accurate itemized wage statements as required by California law." (*Id.* at 4).

## III.

### DISCUSSION

#### A. *Plaintiff Is Entitled To Reasonable Pre-Certification Class-Discovery*

In the Motion, Plaintiff seeks "a sampling of records from Non-Exempt Manufac-

turing Employees other than Plaintiff in order to show Defendant's policies, procedures and practices with respect to its meal periods for its Non–Exempt Manufacturing Employees and also seeks a sample of records in the form of pay stubs and wage statements from Defendant as to said Employees in order to show Defendant's policies procedures and practices with respect to disclosing hourly rates of pay as required by ... Section 226(a) of the California Labor Code." (Jt. Stip. at 3). In opposition to the Motion, Defendant's primary argument is that Plaintiff is not entitled to class-wide discovery because she "has presented no evidence to demonstrate the likelihood of class violations." (Jt. Stip. at 4). Defendant further contends that Plaintiff's discovery requests are "extremely burdensome and duplicative, seeking millions of documents regardless of whether the same information has been produced in other forms, and *not* limited to the operative class definition." (*Id.* at 6) (emphasis in original).

In *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981), the Supreme Court found that class counsel in Rule 23 class actions must be permitted communications with potential class members for the purpose of notification and gathering information, even prior to class certification. *Id.* at 101–02, 101 S.Ct. 2193. The Supreme Court affirmed the Fifth Circuit's decision invalidating a district court order that banned communications between class counsel and any actual or potential class members. *Id.* at 102–03, 101 S.Ct. 2193. Although the Supreme Court recognized the legitimacy of concerns regarding client solicitation, it found that the need of class counsel to communicate with potential plaintiffs, absent evidence of abuse, outweighed such concerns:

[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule

23. In addition, such a weighing—identifying the potential abuses being addressed—should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances.

*Id.* at 101–02, 101 S.Ct. 2193.

Ultimately, the Supreme Court advised district courts to exercise caution before restricting the First Amendment rights of class counsel:

Although we do not decide what standards are mandated by the First Amendment in this kind of case, we do observe that the order involved serious restraints on expression. This fact, at minimum, counsels caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuses.

*Id.,* at 103–04, 101 S.Ct. 2193. Relying on *Gulf Oil Co.,* the Ninth Circuit has reversed a district court order limiting communication with potential class members because the district court failed to make specific findings of potential abuse. *See Domingo v. New England Fish Co.,* 727 F.2d 1429, 1439 (9th Cir.1984); *see also Williams v. United States District Court,* 658 F.2d 430, 436 (6th Cir. 1981) (holding that a district court's "gag" order was invalid under *Gulf Oil Co.* because it was not supported by "evidence of any abuse or potential abuse").

However, the Ninth Circuit has also upheld district court decisions refusing to allow pre-certification discovery where the plaintiff failed to show either a *prima facie* case for class relief under Rule 23 or that discovery was likely to produce substantiation of the class allegations. For example, in *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304 (9th Cir.1977), the Ninth Circuit held that "where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites ... the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Id.* at 1313. The plaintiffs in *Doninger* failed to show that discovery was likely to produce substantiation of the class allegations and

"admitt[ed] that they made no attempt to obtain depositions from knowledgeable [authorities of the defendant] located nearby and readily available." *Id.* Thus, the Ninth Circuit explained that it was "driven, by the particular and unique facts of [the] case, to hold that it was not an abuse of the trial court's wide discretion to deny discovery before ruling on the motions for class certification." *Id.* However, as the Ninth Circuit explained, "the necessary antecedent to the presentation of evidence is, in most cases, enough discovery to obtain the material, especially when the information is within the sole possession of the defendant." *Id.*

The Ninth Circuit reaffirmed its *Doninger* holding in *Mantolete v. Bolger,* 767 F.2d 1416 (9th Cir.1985). Relying on *Doninger,* the Ninth Circuit held that a district court did not abuse its discretion by denying pre-certification discovery where the plaintiff merely relied on "two other complaints filed elsewhere" by similar plaintiffs against the same defendant to demonstrate a likelihood that discovery would substantiate class allegations. *Mantolete,* 767 F.2d at 1425. The Ninth Circuit explained:

> Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.

*Id.* at 1424.

More recently, in *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935 (9th Cir. 2009), the Ninth Circuit surveyed its prior caselaw regarding pre-certification discovery (including *Mantolete* ) and concluded as follows: "Our cases stand for the unremarkable proposition that often the pleadings alone will not resolve the question of class certification and some discovery will be warranted." *Id.* at 942. The Ninth Circuit explained that "[d]istrict courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole,* 571 F.3d at 942 (internal quotation marks, brackets, and ellipses omitted). The Ninth Circuit cautioned however, that " 'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action is maintainable.' " *Id.* (quoting *Doninger,* 564 F.2d at 1313).

Thus, Supreme Court and Ninth Circuit precedent supports the right of class counsel here to conduct pre-certification discovery, now that a prima facie case has been pled and has survived a motion to dismiss. *See, e.g., Kaminske v. JP Morgan Chase Bank N.A.,* 2010 WL 5782995, at *2 (C.D.Cal. May 21, 2010) ("*Doninger* and *Mantolete* stand for the proposition that a court does not abuse its discretion if it decides to require a prima facie showing that class treatment is appropriate before allowing discovery on issues pertaining to class certification.... It is true that there is nothing in *Doninger* and *Mantolete* that suggests that a prima facie showing is mandatory in all cases, and it very well may be the case that courts routinely do not require such a showing. However, it is clear that a court has discretion to decide whether to require the prima facie showing that was approved of in *Doninger* and *Mantolete* before allowing discovery of the kind Plaintiff seeks here."). Especially after *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), which require greater specificity in pleading, class counsel should be permitted to pursue reasonable discovery regarding potential class members after a motion to dismiss is denied. The mere possibility of abuse, without evidence that class counsel engaged in or plans to engage in such abuse, is insufficient to block all communications with potential class members. *See Gulf Oil Co.,* 452 U.S. at 102, 101 S.Ct. 2193.

The California Supreme Court has also expressly approved of pre-certification discovery. In *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal.4th 360, 53 Cal. Rptr.3d 513, 150 P.3d 198 (2007), the Califor-

nia Supreme Court held that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Id.* at 373, 53 Cal.Rptr.3d 513, 150 P.3d 198. As explained by the California Supreme Court, "[s]uch disclosure involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id.* The California Supreme Court further reasoned that the privacy interests of putative class members were adequately protected by an opt-out notice that was mailed in advance of the defendant providing the contact information. *Id.* ("[T]he order in this case imposed important limitations, requiring written notice of the proposed disclosure to all complaining ... customers, giving them the opportunity to object to the release of their own personal identifying information."). Finally, the California Supreme Court rejected the argument that putative class members should be required to opt-in because that "could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation." *Id.* at 374, 53 Cal.Rptr.3d 513, 150 P.3d 198.

■ These cases demonstrate that, after a prima facie case is alleged and a motion to dismiss is denied, pre-certification communication by class counsel with potential class members must be permitted. This Court must then balance the need by class counsel for the requested information against the objections asserted by Defendants, including the privacy interests of potential class members. Although courts have recognized a privacy interest in one's home address and telephone number, *see, e.g., Cook v. Yellow Freight System,* 132 F.R.D. 548, 551–52 (E.D.Cal.1990), courts have permitted the disclosure of such information where a plaintiff shows a legitimate need. Courts have also attempted to control or condition the disclosure of such information through the use of appropriate protective orders.

At the hearing, and in its portion of the Joint Stipulation, Defendant's counsel relied on *Mantolete* to argue that Plaintiff was not entitled to pre-certification discovery because she had not established a prima facie case for class relief. However, as the Court denied Defendant's most recent motion to dismiss, Plaintiff's allegations must now be construed as stating a prima facie case for class relief. The District Judge specifically found that Plaintiff had "adequately alleged the Rule 23 numerosity, commonality, typicality and adequacy requirements, as well as the rule 23(b)(3) predominance and superiority requirements." (Order Denying at 3). The District Judge further found that Plaintiff had "alleged sufficient facts to state a plausible class-wide claim that [Defendant] failed to provide meal periods as required by California law." (*Id.*). Finally, the District Judge found that Plaintiff had "alleged sufficient facts to state a plausible class-wide claim that [Defendant] failed to provide accurate itemized wage statements as required by California law." (*Id.* at 4). The case is no longer in its earliest stage, when a party can test the pleadings. Instead, it is in the stage where discovery must proceed expeditiously. Accordingly, the Court concludes that Plaintiff is entitled to reasonable pre-certification discovery.

**B. Plaintiff Has Failed To Justify Discovery Beyond The Irvine Facility Where She Worked**

Defendant contends that the content of any supplemental responses should be limited to the facility in Irvine, California where Plaintiff worked. (Jt. Stip. at 27–29). Specifically, Defendant argues that "Plaintiff has produced no declarations or testimony or documents that would warrant expanding her discovery beyond the Irvine facility." (*Id.* at 29). Defendant notes Plaintiff's testimony that "she has not talked to any Baxter employees about the lawsuit; all of the information that she has about the case is just based on her own knowledge, not from information obtained from any other Baxter employees; she does not know if any other Baxter employees agree with the lawsuit; and, she does not know if any other Baxter employees believe that they have suffered from the same unlawful conduct that she is claiming." (*Id.* at 16) (citing Nguyen Dep., 9:19–10:9). De-

fendant further notes Plaintiff's testimony that she "never worked at any other Baxter facility than the facility located in Irvine; she has no knowledge of the operations other than the Irvine location; she does not know how work is scheduled at other locations; she does not know the meal period practices at other locations; and, she does not know the shift differential or pay rate or pay issues involving any of the other Baxter locations." (*Id.* at 16–16) (citing Nguyen Dep., 10:10–11:13). Finally, Defendant notes Plaintiff's testimony admitting that "she knows nothing at all about any of the other Baxter locations." (*Id.* at 17) (citing Nguyen Dep., 11:14–15:2, 12:3–12:5). Plaintiff's own testimony, therefore, would not justify expanding the geographic reach of discovery beyond Irvine at this time.

At the hearing, the Court asked Plaintiff's counsel what evidence he had to justify discovery at Defendant's California facilities beyond the Irvine facility where Plaintiff worked. Plaintiff's counsel admitted that he had no evidence relating to any facility beyond Irvine other than "common sense." According to Plaintiff's counsel, if supervisors at the Irvine facility did not follow company guidelines regarding meal breaks and wage statements, then it is reasonable to assume that supervisors at other facilities must also have violated these same guidelines. However, the Court rejects this argument as pure speculation and finds it equally likely that supervisors at other California facilities followed the company guidelines. In the absence of any evidence to suggest that similar violations occurred outside the Irvine facility, Plaintiff has failed to justify discovery at Defendant's other California facilities.

Several district courts have similarly concluded that plaintiffs were not entitled to discovery from branch locations where they never worked absent some evidence to indicate company-wide violations. For example, in *Franco v. Bank of America*, 2009 U.S. Dist. LEXIS 111873 (S.D.Cal. Dec. 1, 2009), the court limited the scope of discovery to the branch offices where the plaintiff worked and had evidence of violations because he had "not provided sufficient facts to support his claim of a company-wide policy and prac-

tice by [the defendant] to withhold regular and overtime wages from its employees, especially in light of [the defendant's] evidence of contrary company-wide policies." *Id.* at *10–11. Similarly, Plaintiff's counsel here conceded at the hearing that Defendant had produced evidence of company-wide policies that were consistent with California law. Because Plaintiff has failed to produce any evidence of company-wide violations, and Defendant admittedly has produced contrary evidence showing company-wide policies consistent with California law, there is no basis at this time to require discovery beyond the Irvine facility where Plaintiff worked. *See also Martinet v. Spherion Atlantic Enterprises, LLC*, 2008 WL 2557490 at *2 (S.D.Cal. June 23, 2008) (limiting discovery to the office where the plaintiff worked until plaintiff provided evidence of company-wide violations); *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D.Col.1998) (same). If Plaintiff discovers evidence of violations at other facilities or company-wide violations in the future, she may seek to expand the scope of discovery at that time. Applying these findings, the Court will address the specific requests below.

### C. *Plaintiff's First Set of Special Interrogatories*

The Court addresses the specific interrogatories in dispute below.

**1. Special Interrogatory No. 1:** "State the total number of all NON–EXEMPT EMPLOYEES EMPLOYED by YOU in California during the RELEVANT TIME PERIOD." (Jt. Stip. at 9).

**Defendant's Response:** "The number of non-exempt employees has varied, and will continue to vary, during the relevant time period. This is due to changes in staffing levels based on changing business requirements, the changing use of outside contractor personnel, leaves of absence, changes in non-exempt or exempt status, voluntary separations and involuntary separations. Subject to these multiple variations, Defendant responds that it has employed approximately 2,000 to 3,000 non-exempt employees in California during the relevant time period." (Jt. Stip. at 9).

Plaintiff initially sought a supplemental response consistent with the most recent definition of the putative class. (Jt. Stip. at 10). At the hearing, however, Plaintiff's counsel stated that he had "no issue" with Defendant's response. The Court finds that Defendant adequately responded to the interrogatory. Accordingly, Plaintiff's request for a supplemental response to Special Interrogatory No. 1 is DENIED.

**2. Special Interrogatory No. 12:** "Describe in detail YOUR policies EVIDENCING any changes in YOUR policy for recording meal periods by YOUR California NON–EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD." (Jt. Stip. at 12).

**Defendant's Response:** "At all relevant times, Defendant followed the requirements of IWC Wage Order No. 1(11) and the California Labor Code. Specifically, Defendant provided uninterrupted off-duty meal periods of either 30 or 45 minutes for each work period of more than five hours per day. IWC Wage Order No. 1 is posted at Defendant's facilities and Defendant's meal period policies are available in writing for all non-exempt employees.

In addition, Defendant conducts new employee orientation sessions and training sessions for non-exempt employees, which explain Defendant's meal period policies and procedures. Defendant's supervisors and managers are also trained to comply with Defendant's meal period policies for non-exempt employees under their supervision. Failure to provide meal periods may be the subject of discipline, up to and including termination of employment.

Defendant also structures its production and other operations to provide meal periods for non-exempt employees. In some circumstances, this may involve a full or partial shutdown of a production line or production function so that non-exempt employees may take their meal periods. In other cases, non-exempt employees are instructed to individually take meal periods. Defendant carefully monitors its production and business operations to make sure that meal periods are provided for all non-exempt California employees. Defen-

dant also maintains a Human Resources Department, which can be contacted by any non-exempt employee who believes that he or she was not provided a meal period. Issues involving meal periods that are brought to the Human Resources Department are investigated and addressed without retaliation against employees who raised such issues." (Jt. Stip. at 18).

Plaintiff contends that Defendant's response "contains nothing in regards to what changes were made by Defendant in recording meal periods and is therefore non-responsive." (Jt. Stip. at 14). Plaintiff believes that "there was indeed some change in recording meal periods circa July 21, 2008" because "Plaintiff's punch details produced by Defendant begin to show punch ins and outs for her meal periods, whereas prior to that date, there is [sic] no punches for any allegedly provided meal period." (*Id.*).

Defendant contends that its response "adequately describes Baxter's meal policies." (Jt. Stip. at 18). However, the Court agrees with Plaintiff that the interrogatory seeks more than simply a description of Defendant's meal policies. The interrogatory seeks a description of any "changes" in the policies. At the hearing, Defendant's counsel represented that Defendant's meal policies are in a state of constant evaluation and revision such that it would be unduly burdensome to provide information about every change that was made. However, the Court rejects this argument because the interrogatory is limited to the relevant time period of four years and the Court has narrowed the scope of discovery to the Irvine facility where Plaintiff worked.

Accordingly, Plaintiff's request for a supplemental response to Special Interrogatory No. 12 is GRANTED IN PART. Defendant must describe any change in its meal policies at the Irvine facility for the relevant time period of four years. If no changes took place during that time period, then Defendant must confirm this fact in a supplemental response.

**D. _Plaintiff's First Set Of Requests For_**

*Production* [1]

The Court addresses the specific requests for production in dispute below.

1. **Request No. 1:** "Copies of all COMMUNICATIONS sent or received by any of YOUR California NON–EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD referring or relating to meal or rest periods." (Jt. Stip. at 23).

**Defendant's Response:** "Defendant objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the grounds that it seeks documents protected by individual rights of privacy regarding wages and employment-related issues. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that the Request does not state with particularity the items requested. Defendant further objects to this Request on the grounds that it is vague, ambiguous and unintelligible. Subject to and without waiving the foregoing objections in any way, Defendant responds that it will produce documents pertaining to Plaintiff during her period of employment." (Jt. Stip. at 23).

Plaintiff contends that she is entitled to documents beyond those pertaining only to Plaintiff (Jt. Stip. at 25), and this Court agrees. At the hearing, Plaintiff's counsel clarified that he was seeking only memoranda, emails, or announcements regarding meal or rest periods. The Court agrees that memoranda, emails, and announcements regarding meal or rest periods during the relevant time period are responsive to this interrogatory. Defendant's counsel stated at the hearing that he did not know if any such documents existed, but he agreed to investigate.

Accordingly, Plaintiff's request for a supplemental response to Request No. 1 is GRANTED IN PART. As set forth above, however, the scope of discovery is limited to the Irvine facility where Plaintiff worked. Defendant's counsel must conduct a reasonable good faith investigation to determine if Defendant has additional responsive documents. If after conducting a reasonable good faith investigation, Defendant concludes that it does not have any additional responsive documents, it must confirm this fact in a supplemental response.

2. **Request No. 13:** "All time keeping records showing when YOUR California NON–EXEMPT EMPLOYEES begin and end each work period, including meal periods, any split-shift intervals, and total daily hours worked during the RELEVANT TIME PERIOD." (Jt. Stip. at 37).

**Defendant's Response:** "Defendant objects to this Request on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that the Request does not state with particularity the items requested. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the grounds that it calls for the production of confidential proprietary information and/or trade secrets. Defendant further objects to this Request on the grounds that it seeks documents protected by individual rights of privacy regarding wages and employment-related issues. Subject to and without waiving the foregoing objections in any way, Defendant responds that it will produce documents pertaining to Plaintiff during her period of employment." (Jt. Stip. at 38).

1. The Court will address Plaintiff's requests for production in a different order than presented in the Joint Stipulation.

Defendant's counsel primarily objected to this request on the basis of the employees' privacy rights. However, Plaintiff previously offered to "accept records wherein personal information, i.e., the names and social security numbers are redacted to alleviate privacy issues." (Jt. Stip. at 35). Moreover, Defendant's counsel agreed at the hearing that the employees' privacy rights could be addressed through an appropriate protective order.

Defendant's counsel further objected at the hearing to this request because it would be unduly burdensome. According to Defendant's prior discovery response, it "has employed approximately 2,000 to 3,000 non-exempt employees in multiple facilities in California during the relevant time period for this lawsuit." (Jt. Stip. at 36). However, the Court has narrowed the scope of discovery to the Irvine facility. Accordingly, the response to this interrogatory would include far fewer employees than the 2,000 to 3,000 referenced in Defendant's prior response.

Additionally, in order to balance the competing interests of the employees' privacy rights and the burden on Defendant, the Court further narrows the scope of this request to only include manufacturing employees at the Irvine facility, i.e., employees with job functions that are similar to Plaintiff's. Plaintiff's counsel acknowledged at the hearing that the putative class was limited to employees with Plaintiff's job function and offered as examples that secretaries and janitors would not be included. Because Plaintiff is not seeking to represent any employees other than manufacturing employees, the Court finds it appropriate to limit the scope of this request accordingly.

In sum, Plaintiff's request for a supplemental response to Request No. 13 is GRANTED IN PART. Defendant's supplemental response shall be limited to manufacturing employees at the Irvine facility and may redact personal information such as names and social security numbers. The parties should also present a stipulated protective order for the Court's consideration

prior to the supplemental response. The Court's website contains additional guidance regarding protective orders.[2]

**3. Request No. 24:** "All DOCUMENTS showing names, addresses and telephone numbers for YOUR California NON-EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD." (Jt. Stip. at 42).

**Defendant's Response:** "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it seeks documents protected by individual rights of privacy regarding wages and employment-related issues. Subject to and without waiving the foregoing objection in any way, Defendant responds that this information must be sought through a properly noticed motion, so that the discovery information sought may be determined by the Court." (Jt. Stip. at 43).

Plaintiff contends that she is entitled to class-discovery and "will be severely prejudiced if this information is not ordered to be produced immediately, especially in light of the very short deadline for Plaintiff to file her motion for class certification." (Jt. Stip. at 44). During the meet and confer process, Plaintiff clarified that she "was simply seeking in this request a list of names, addresses and telephone numbers for all of Defendant's non-exempt employees during the relevant time period which is easily obtainable from Defendant's Human Resources Department or Payroll Department." (*Id.* at 46). As a compromise, Plaintiff proposed sending putative class members a notice providing the "right to opt-out of having their private information disclosed." (*Id.*).

Defendant argues that Plaintiff's request is overbroad because it is not limited to the operative putative class definition, i.e., manufacturing employees who were not provided a lawful thirty minute meal period. (*Id.* at 47). Defendant asserts that "the sheer size of the

---

**2.** This information is available in Judge Segal's section of the link marked "Judges Procedures & Schedules." (*See* http://www.cacd.uscourts.gov/

CACD/JudgeReq.nsf/2fb080863c88ab47882567c 9007fa070/0141b1bcd8ee7f8488256bbb 00542959?OpenDocument).

document production request would number in the multi-millions of pages" and that "Defendant is under no obligation to create a list if it does not exist to respond to a request for production of documents." (*Id.* at 47–48).

As set forth above, the Court concludes that Plaintiff's counsel is entitled to communicate with putative class members and that the Court must balance the need by class counsel for information against the privacy rights of Defendant's employees. At the hearing, the parties agreed to send a notice to Defendant's employees prior to disclosing any of their information to Plaintiff's counsel. Plaintiff's counsel requested an opt-out notice, otherwise known as a *"Belaire*[3] notice," while Defendant's counsel requested an "opt-in" notice. In light of the Court's limitation of discovery to the Irvine facility, the Court finds that the proper balance between access to information and privacy rights is accomplished through an opt-out notice. *See Pioneer Electronics (USA), Inc.,* 40 Cal.4th at 374–75, 53 Cal.Rptr.3d 513, 150 P.3d 198 ("[W]e think the trial court properly evaluated the alternatives, balanced the competing interests, and permitted disclosure of contact information regarding [the defendant's] complaining customers unless, following proper notice to them, they registered a written objection. These customers had no reasonable expectation of any greater degree of privacy, and no serious invasion of their privacy interests would be threatened by requiring them affirmatively to object to disclosure."); *see also Belaire,* 149 Cal.App.4th at 561–62, 57 Cal.Rptr.3d 197.

Requiring employees to affirmatively respond before providing any of their information to Plaintiff's counsel would be unduly restrictive and impair the ability of Plaintiff's counsel to communicate with potential class members. "Opting out" allows those who may want nothing to do with the case to exclude themselves. However, the Court also finds it appropriate to limit this request

to only include manufacturing employees in the Irvine facility. As explained above, the putative class definition is currently limited to manufacturing employees.

Accordingly, Plaintiff's request for a supplemental response to Request No. 24 is GRANTED IN PART. Defendant's supplemental response shall be limited to manufacturing employees at the Irvine facility and shall be preceded by an opt-out notice sent to the employees. The parties shall agree to the language of the opt-out notice and the method of delivery (*e.g.,* whether to use a third party vendor, or which vendor). The parties should also present a stipulated protective order for the Court's consideration prior to the supplemental response.

**4. Request No. 8:** "All pay check stubs for YOUR California NON–EXEMPT EMPLOYEES during the RELEVANT TIME PERIOD." (Jt. Stip. at 30).

**Defendant's Response:** "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it seeks documents protected by individual rights of privacy regarding wages and employment-related issues. Subject to and without waving the foregoing objections in any way, Defendant responds that it will produce documents pertaining to Plaintiff during her period of employment." (Jt. Stip. at 30).

In light of the Court's decision to grant supplemental responses to Request Nos. 13 and 24, the Court concludes that Plaintiff does not need pay check stubs at this time. Pay check stubs contain more confidential and sensitive information than simply time records or contact information. Accordingly, after balancing Plaintiff's need for the information against the asserted privacy interests, the Court finds that the privacy in-

---

**3.** The term *"Belaire* notice" comes from *Belaire-West Landscape Inc. v. Superior Court,* 149 Cal. App.4th 554, 57 Cal.Rptr.3d 197 (2007). The term describes an "opt-out" notice that is sent to potential class members to inform them of the lawsuit and explain that if they do *not* want to have their contact information sent to plaintiff's

counsel, they can complete and return an enclosed postcard. *See Belaire,* 149 Cal.App.4th at 557–58, 57 Cal.Rptr.3d 197. The *Belaire* court found that this notice avoided an invasion of potential class members' privacy interests. *Id.* at 561–62, 57 Cal.Rptr.3d 197.

terests weigh against providing this information. Plaintiff's counsel can still obtain this information from any individual employee who chooses to participate in this litigation and voluntarily provides such information. Accordingly, Plaintiff's request for a supplemental response to Request No. 8 is DENIED WITHOUT PREJUDICE. If Plaintiff can show in the future that she requires access to this information and is unable to obtain it through other means, she may renew her request at that time.

5. **Request No. 10:** "All DOCUMENTS detailing wage payments to California NON–EXEMPT EMPLOYEES sufficient to show time punches and corresponding payments during the RELEVANT TIME PERIOD." (Jt. Stip. at 33).

**Defendant's Response:** "Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, premature, and seeks documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that the Request does not state with particularity the items requested. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible. Defendant further objects to this Request on the grounds that it calls for the production of confidential proprietary information and/or trade secrets. Defendant further objects to this Request on the grounds that it seeks documents protected by individual rights of privacy regarding wages and employment-related issues. Subject to and without waiving the foregoing objections in any way, Defendant responds that it will produce documents pertaining to Plaintiff during her period of employment." (Jt. Stip. at 33–34).

In light of the Court's decision to grant supplemental responses to Request Nos. 13 and 24, the Court concludes that Plaintiff does not need documents detailing wage payments at this time. Documents detailing wage payments contain more confidential and sensitive information than simply time records or contact information. Accordingly, balancing Plaintiff's need for the information against the asserted privacy interests, the Court finds that the privacy interests weigh against providing this information. Plaintiff's counsel can still obtain this information from any individual employee who chooses to participate in this litigation and voluntarily provides such information. Accordingly, Plaintiff's request for a supplemental response to Request No. 8 is DENIED WITHOUT PREJUDICE. If Plaintiff can show in the future that she requires access to this information and is unable to obtain it through other means, she may renew her request at that time.

## IV.

## CONCLUSION

For the reasons stated above as well as those at the hearing, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART. Consistent with the findings stated above, Defendant shall provide supplemental responses within **ten (10) days** of the date of this Order. In addition, the parties shall submit an appropriate protective order within **five (5) days** of the date of this Order.

IT IS SO ORDERED.