Filed 5/15/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF LOS ANGELES COUNTY,<br><br>    Respondent;<br><br>MARSHALLS OF CA, LLC,<br><br>    Real Party in Interest. | B259967<br><br>(Los Angeles County<br> Super. Ct. No. BC503806) |

Petition for extraordinary writ.  William F. Highberger, Judge.  Petition is denied.

Capstone Law, Glenn A. Danas, Robert Drexler, Stan Karas, Liana Carter for Petitioner.

No appearance for Respondent.

Littler Mendelson, Robert G. Hulteng, Joshua J. Cliffe, Emily E. O'Connor, Scott D. Helsinger for Real Party in Interest.

_____

## Background

Beginning in January 2012, plaintiff Michael Williams was an employee at a retail store operated by Marshalls of CA (Marshalls) in Costa Mesa, California. On March 22, 2013, after a little more than one year of employment, he brought a representative action against Marshalls under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, §§ 2698-2699.5), alleging Marshalls failed to provide its employees with meal and rest breaks or premium pay in lieu thereof (Lab. Code, §§ 226.7 & 512),[1] to provide accurate wage statements (§ 226, subd. (a)), to reimburse employees for necessary business-related expenses (§§ 2800 & 2802), and to pay all earned wages during employment (§ 204).

On February 5, 2014, plaintiff served special interrogatories seeking production of the names and contact information of all nonexempt Marshalls employees in California who had worked for the company beginning on March 22, 2012. Marshalls objected to the discovery on the ground it was irrelevant, overbroad, unduly burdensome, and implicated the privacy rights of its employees. Plaintiff met and conferred with Marshalls, offering to address its privacy concerns with a "*Belaire-West* notice,"[2] but Marshalls rejected the offer.

Plaintiff moved to compel the discovery, arguing the contact information was routinely discoverable in representative employee actions and vital to the prosecution of his PAGA claims. The trial court granted plaintiff's motion in part, compelling Marshalls to produce contact information for the employees only at its Costa Mesa store and denying production of the contact information of employees at Marshalls other 128 stores statewide. The court ordered that plaintiff could renew his motion to compel the remaining information after he had been deposed "for at least six productive hours." The court also ruled that in opposition to any such motion, Marshalls could attempt to show plaintiff's substantive claims had no factual merit.

---

[1] Undesignated statutory references will be to the Labor Code.

[2] *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554.

2

In these writ proceedings, plaintiff seeks a writ of mandate compelling the superior court to vacate its discovery order and enter a new order granting plaintiff's motion to compel production a list of all nonexempt employees who worked for Marshalls beginning on March 22, 2012.

**Discussion**

**1.      Standard of Review**

The standard for determining the scope of discovery is set forth in Code of Civil Procedure section 2017.010, which provides that "[u]nless otherwise limited by order of the court in accordance with this title, any party may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action or to the determination of any motion made in that action, if the matter either is itself admissible in evidence or appears reasonably calculated to lead to the discovery of admissible evidence. . . .  Discovery may be obtained of the identity and location of persons having knowledge of any discoverable matter . . . ."  However, "[t]he court shall limit the scope of discovery if it determines that the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence."  (Code Civ. Proc., § 2017.020, subd. (a).)

"For discovery purposes, information is relevant if it 'might reasonably assist a party in *evaluating* the case, *preparing* for trial, or *facilitating* settlement.'  [Citation.] Admissibility is *not* the test and information, unless privileged, is discoverable if it might reasonably *lead* to admissible evidence.  [Citation.]  The phrase 'reasonably calculated to lead to the discovery of admissible evidence' makes it clear that the scope of discovery extends to *any information* that reasonably might lead to other evidence that would be admissible at trial.  'Thus, the scope of permissible discovery is one of *reason, logic and common sense*.'  [Citation.]  These rules are applied liberally in favor of discovery." (*Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599, 1611-1612.)

Management of discovery lies within the sound discretion of the trial court.  A discovery order is therefore reviewed under the abuse of discretion standard.  (*Krinsky v. Doe 6* (2008) 159 Cal.App.4th 1154, 1161.)  "Where there is a basis for the trial court's

3

ruling and it is supported by the evidence, a reviewing court will not substitute its opinion for that of the trial court. [Citation.] The trial court's determination will be set aside only when it has been demonstrated that there was 'no legal justification' for the order granting or denying the discovery in question." (*Lipton v. Superior Court*, *supra*, 48 Cal.App.4th at p. 1612.)

Novel, important discovery issues may be reviewed by prerogative writ. (See *Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 169.)

## 2. Discovery of Marshalls' Employees' Contact Information Statewide is Premature

"Although the scope of civil discovery is broad, it is not limitless." (*Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 223.) Discovery devices must "be used as tools to facilitate litigation rather than as weapons to wage litigation." (*Id.* at p. 221.) A party seeking to compel discovery must therefore "set forth specific facts showing good cause justifying the discovery sought . . . ." (Code Civ. Proc., § 2031.310, subd. (b)(1); see *Calcor Space Facility, Inc. v. Superior Court*, *supra*, 53 at p. 223.) To establish good cause, a discovery proponent must identify a disputed fact that is of consequence in the action and explain how the discovery sought will tend in reason to prove or disprove that fact or lead to other evidence that will tend to prove or disprove the fact.

Plaintiff argues immediate discovery of the contact information of Marshalls' employees statewide is clearly germane to and necessary for progress in his PAGA action. We disagree.

At this nascent stage of plaintiff's PAGA action there has as yet been no discovery—plaintiff has not even sat for his own deposition. The litigation therefore consists solely of the allegations in his complaint. But plaintiff alleges therein only that at the Costa Mesa store, he and perhaps other employees at that store were subjected to violations of the Labor Code. Nowhere does he evince any knowledge of the practices of Marshalls at other stores, nor any fact that would lead a reasonable person to believe he knows whether Marshalls has a uniform statewide policy. That being the case, it was

4

eminently reasonable for the trial judge to proceed with discovery in an incremental fashion, first requiring that plaintiff provide some support for his own, local claims and then perhaps later broadening the inquiry to discover whether some reason exists to suspect Marshalls' local practices extend statewide.

Further, a trial court must consider the costs of any discovery and take reasonable steps to promote efficiency and economy. Statewide discovery that includes the mailing of *Belaire-West* notices and tabulation of responses is costly. By staging discovery incrementally, the trial court delayed the incursion of potentially unnecessary costs until it becomes clear they are warranted.

Plaintiff's proposed procedure, which contemplates jumping into extensive statewide discovery based only on the bare allegations of one local individual having no knowledge of the defendant's statewide practices would be a classic use of discovery tools to wage litigation rather than facilitate it. We conclude bare allegations unsupported by any reason to believe a defendant's conduct extends statewide furnishes no good cause for statewide discovery.

Plaintiff argues that in a PAGA action such as this, he stands in as a proxy for the Division of Labor Standards Enforcement (DLSE), and should thus be entitled to all discovery to which that agency would be entitled, including "free access to all places of labor" (§ 90). We disagree.

It is true that pursuant to section 90, "The Labor Commissioner, his deputies and agents, shall have free access to all places of labor. Any person, or agent or officer thereof, who refuses admission to the Labor Commissioner or his deputy or agent or who, upon request, willfully neglects or refuses to furnish them any statistics or information, pertaining to their lawful duties, which are in his possession or under his control, is guilty of a misdemeanor, punishable by a fine of not more than one thousand dollars ($1,000)." But nothing in the PAGA suggests a private plaintiff standing in as a proxy for the DLSE is entitled to the same access. On the contrary, the PAGA states only that a private individual may bring a "civil action" to enforce labor laws, not that the individual may access "all places of labor" or demand unlimited information upon pain of criminal

5

conviction. Discovery in a civil action is governed by the Code of Civil Procedure. We think it prudent that absent any express direction from the Legislature to the contrary, discovery in a civil action brought under the PAGA be subject to the same rules as discovery in civil actions generally.

Plaintiff also argues the trial court's order that at some future date Marshalls might resist further discovery by making a showing that plaintiff's claims have no factual merit constitutes an added burden on discovery not contemplated by the Code of Civil Procedure. We disagree. We read the court's order as paraphrasing the common requirement that discovery not be ordered absent a showing of good cause.

## 3. Employee Privacy Interests Outweigh Plaintiff's Need for Disclosure at This Time

Even if Marshalls' employees' identifying information was reasonably calculated to lead to admissible evidence, their right to privacy under the California Constitution would outweigh plaintiff's need for the information at this time.[3]

The California Constitution provides that all individuals have a right of privacy. (Cal. Const., art. I, § 1.) This express right is broader than the implied federal right to privacy. (*American Academy of Pediatrics v. Lungren* (1997) 16 Cal.4th 307, 326.) The California privacy right "limits what courts can compel through civil discovery." (*Rancho Publications v. Superior Court*, *supra*, 68 Cal.App.4th at pp. 1547-1548.) "[W]hen the constitutional right of privacy is involved, the party seeking discovery of private matter must do more than satisfy the section 2017[.010] standard. The party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." (*Lantz v. Superior Court* (1994) 28 Cal.App.4th 1839, 1853-1854; see *Planned Parenthood Golden Gate v. Superior Court*

---

[3] Marshalls possesses standing to assert its employees' constitutional rights. (See *Rancho Publications v. Superior Court* (1999) 68 Cal.App.4th 1538, 1541 [a nonparty to civil litigation may assert the constitutionally protected right of another to remain unknown].)

(2000) 83 Cal.App.4th 347, 367 [courts must balance the privacy interests of the person subject to discovery against the litigant's need for discovery].) A discovery proponent may demonstrate compelling need by establishing the discovery sought is directly relevant and essential to the fair resolution of the underlying lawsuit. (*Planned Parenthood Golden Gate v. Superior Court*, *supra*, 83 Cal.App.4th at p. 367; *Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1071.)

Applying this balancing test we conclude Marshalls' employees' privacy interests outweigh plaintiff's need to discover their identity at this time. Those interests begin with the employees' right to be free from unwanted attention and perhaps fear of retaliation from an employer. On the other hand, plaintiff's need for the discovery at this time is practically nonexistent. His first task will be to establish he was himself subjected to violations of the Labor Code. As he has not yet sat for deposition, this task remains unfulfilled. The trial court could reasonably conclude that the second task will be to establish Marshalls' employment practices are uniform throughout the company, which might be accomplished by reference to a policy manual or perhaps deposition of a corporate officer. The trial court could reasonably conclude that only then will plaintiff be able to set forth facts justifying statewide discovery.

The courts will not lightly bestow statewide discovery power to a litigant who has only a parochial claim. Here, the trial court's measured approach to discovery was reasonable. Therefore, plaintiff's petition is denied.

### Disposition

The petition for writ of mandate is denied. Marshalls is to recover its costs on the original proceeding.

CERTIFIED FOR PUBLICATION

CHANEY, J.

We concur:

ROTHSCHILD, P. J.                    JOHNSON, J.

7