Filed 8/27/21  Altiery v. Granite Rock Company CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARK ALTIERY, | H045263 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. CV274705) |
| v. | |
| GRANITE ROCK COMPANY, | |
| Defendant and Respondent. | |

State law requires employers to provide their nonexempt employees meal and rest breaks in conformance with regulatory wage orders issued on an industry-by-industry basis.  (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1018 (*Brinker*).)  Mark Altiery brought a putative class action against his former employer, Granite Rock Company, alleging defendant failed to provide rest breaks as required by applicable wage orders.  He challenges the trial court's denial of class certification on predominance and adequacy grounds.  Finding no abuse of discretion, we will affirm.

## I.  BACKGROUND

Defendant is a northern California civil engineering and materials manufacturing company.  Throughout its nine divisions, defendant employs several hundred union and nonunion employees in nonexempt positions, with the unionized trade employees operating under multiple collective bargaining agreements.  The company's onsite construction and mining operations are governed by Industrial Welfare Commission Wage Order No. 16.  A different order, Wage Order No. 1, applies to employees not

covered by Wage Order No. 16.  Both orders provide for rest periods "based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof," unless the employee's "total daily work time is less than three and one-half (3 1/2) hours."  (Cal. Code Regs., tit. 8, §§ 11010(12)(A), 11160(11)(A)-(C).)

Plaintiff is a cement mason who worked for defendant from October 2010 to November 2015.  He filed a putative class action alleging that defendant failed to provide off-duty rest periods (Lab. Code, § 226.7; second cause of action) and committed unfair business practices (Bus. & Prof. Code, § 17200, et seq.; fourth cause of action).  The operative complaint alleged that defendant had engaged in "a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees [their] rights and benefits."  The complaint also alleged, as a pattern and practice, that defendant "regularly required employees to work through their rest periods without proper compensation and denied [plaintiff] and other employees the right to take proper rest periods as required by law."  (The trial court sustained defendant's demurrer to a cause of action alleging failure to keep accurate wage statements (Lab. Code, § 226) and to a cause of action for workplace violation penalties under the Private Attorneys General Act (Lab. Code, § 2698, et seq.)  Those rulings are not challenged in this appeal.)

*Class Certification Motion*

Plaintiff moved to certify a "rest period class" consisting of "[a]ll current and former non-exempt employees of [defendant] who worked for [defendant] in the State of California at any time during the period of time from December 18, 2010, through January 31, 2013, and worked 3.5 hours or more in any shift."  (According to plaintiff's opening brief, defendant updated its rest break policy after January 2013.)  Plaintiff argued that the case "undisputed[ly] … presents a predominant question of law and fact: namely, whether [d]efendant's policy violates *Brinker*."  The Supreme Court in *Brinker* construed wage order language requiring a rest break every " 'four (4) hours or major

2

fraction thereof [except where the] total daily work time is less than three and one-half (3 1/2) hours' " to mean "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker*, *supra*, 53 Cal.4th at pp. 1028, 1029.)

Plaintiff relied on the deposition testimony of several managers who identified the "Team Member Handbook for Hourly Payroll Team Members" (team member handbook) as applying to their union workers. The handbook provided for "a paid rest break or rest period of ten (10) minutes every four (4) hours worked." The handbook also provided that rest breaks may be covered under a separate collective bargaining agreement, and in the event of any inconsistency, the collective bargaining agreement would govern. Plaintiff stated in a supporting declaration that he was scheduled to work shifts "of at least 3.5 hours or more"; he understood defendant's policy was to provide a 10-minute break for every four hours worked; and defendant did not allow him to take any rest breaks. Plaintiff testified he was not permitted to take rest breaks, and he never saw other employees in the field taking rest breaks.

Defendant submitted several collective bargaining agreements with its trade union employees. All provided for 10-minute rest breaks during each four-hour work shift, with one (applying to carpenters) containing the "major fraction thereof" language. All contained shift rules governing the number of hours an employee is assigned to work each day, and the collective bargaining agreement covering plaintiff as a cement mason provided for minimum shifts of either four or eight hours. Defendant also submitted declarations from several putative class members attesting to receiving notice of the applicable industrial wage order; taking one rest break approximately two hours before lunch and a second break approximately two hours after lunch during an eight-hour work shift; and observing plaintiff taking rest breaks.

3

*Order Denying Certification*

In a written order denying certification, the trial court ruled that the putative class was inappropriately defined to the extent it included nontrade employees because plaintiff failed to show those employees were covered by the same rest break policy as the unionized trade employees. Plaintiff thus failed to show a common question predominated as to *all* nonexempt employees. (The court viewed differences in defendant's rest break practices among trade employees insufficient by itself to defeat certification, but noted plaintiff had made no attempt to define a subgroup.)

The trial court rejected plaintiff's argument that a common question of law or fact was shown by a facially noncompliant rest break policy, given that four- and eight-hour minimum shift requirements in the collective bargaining agreements are incorporated in the Team Member Handbook and thereby integrated into the policy. The court appears to have reasoned that by operation of the incorporated collective bargaining agreements, trade employees could not be "scheduled for shifts between 3.5 and 4 hours in length and denied rest breaks based on the 4-hour policy language," and defendant's policy is not unlawful on its face if all affected employees work shifts of four hours or longer.

Nor did plaintiff provide evidence that defendant's rest break policy was implemented in an unlawful manner. Standing alone, plaintiff's declaration that he did not receive any rest breaks was not enough to show "that it was [defendant's] common practice to deny rest breaks entirely," where plaintiff "fail[ed] to present testimony from a single fellow employee to counter [defendant's] many declarations indicating that rest breaks were taken in compliance with its policy."

Importantly, the trial court recognized that plaintiff was not required to prove the merits of his theory of liability at the certification stage. But it also observed that plaintiff still had "the duty to articulate that theory and provide evidence showing he can prove it on a classwide basis."

4

The trial court also found certain past acts by plaintiff rendered him unable to adequately represent the proposed class. Plaintiff had omitted felony convictions from his employment application and had been complicit in a different employer's practice of attributing hours worked during certain pay periods to other pay periods. The court found plaintiff's past conduct bore directly on his credibility, rendering him an inappropriate class representative.

## II. DISCUSSION

Code of Civil Procedure section 382 authorizes class actions "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." A class proponent must demonstrate "the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceedings as a class superior to the alternatives." (*Brinker*, *supra*, 53 Cal.4th at p. 1021.) The " 'community of interest requirement embodies three factors: (1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives who can adequately represent the class.' " (*Ibid.*) Predominance is a factual question which asks " 'whether the theory of recovery advanced by the proponents of certification is, as an analytical matter, likely to prove amenable to class treatment.' " (*Id.* at pp. 1021–1022.) " 'As a general rule if the defendant's liability can be determined by facts common to all members of the class, a class will be certified even if the members must individually prove their damages.' " (*Id.* at p. 1022.) The trial court is afforded wide discretion in granting or denying class certification. (*Ibid.*) We defer to that discretion on appeal, and will reverse a certification ruling only for a manifest abuse of discretion. (*Ibid.*) We will uphold the trial court's order a unless it is unsupported by substantial evidence, rests on improper criteria, or rests on erroneous legal assumptions. (*Ibid.*)

5

As in the trial court, plaintiff argues that a common question predominates in that all nonexempt employees, including those in nontrade positions, are subject to the facially unlawful rest break policy contained in defendant's handbook. His argument fails for the reasons stated by the trial court. The trial court found substantial evidence of a common rest break policy governing unionized trade workers such as plaintiff. But plaintiff did not show a common rest break policy applicable to defendant's nonunion workers. Plaintiff deposed several managers who oversaw trade employees and identified the handbook as governing their workers, but he produced insufficient evidence that the handbook applied to nontrade workers. We see no abuse of discretion in that ruling.

Plaintiff argues that the trial court erred by considering the scope of his discovery in denying class certification. Plaintiff provided *Belaire-West* notices[1] to all unionized employees, but not to unrepresented employees such as office workers. In arguing that the class was readily ascertainable, plaintiff stated that at least 537 individuals had been identified through the *Belaire-West* process, and the remaining class members could be ascertained after certification. The trial court noted that plaintiff limited his precertification discovery and notices to union workers but then sought to certify a much broader class to include nonunion employees. The comment highlighted that plaintiff had the opportunity to conduct *Belaire-West* discovery to identify the nonunion workers, but elected not to. The trial court did not consider an improper factor, but merely observed that, as a consequence of electing to conduct limited discovery, plaintiff failed to demonstrate for class certification that all hourly workers came under the same rest break policy.

---

[1] *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554 (providing for employer disclosure of employee names and contact information to plaintiffs in putative class action wage and hour cases for purposes of employee notice and opportunity to opt out of suit).

Second, plaintiff did not show that the handbook rest break policy was facially unlawful in light of the collective bargaining agreements governing the trade employees. Substantial evidence supports the trial court's finding that the trade employees are covered by 15 collective bargaining agreements. Those contracts, all of which have shift rules, are incorporated into the handbook, and thus bear on the lawfulness of the stated policy. As the trial court observed, plaintiff's collective bargaining agreement guaranteed him a four- or eight-hour work shift which, based on a four-hour minimum, renders superfluous the "major fraction thereof" language contained in the applicable wage orders.

Contrary to plaintiff's position, the trial court did not improperly examine the merits of plaintiff's cause of action in analyzing his argument that the proposed class was subject to a facially unlawful rest break policy. Indeed, the trial court did not find defendant's policy lawful; it found only that plaintiff failed to show how it could be unlawful if no shift is shorter than four hours in light of the collective bargaining agreements incorporated into the policy.

Third, plaintiff adduced no evidence that defendant systematically denied lawful rest breaks to a class of unionized trade workers. Proof of a common rest break policy does not compel class certification since the policy by itself does not establish employer liability. Plaintiff must adduce some evidence that defendant unlawfully applied the policy on a classwide basis. (*McCleery v. Allstate Ins. Co*. (2019) 37 Cal.App.5th 434, 454 ["plaintiffs had failed to adduce predominantly common evidence *as to liability* against any defendant under any cause of action" (italics added)]; see also *Wilson v. The La Jolla Group* (2021) 61 Cal.App.5th 897, 913 ["The trial court could reasonably find that the common issue of misclassification did not predominate over the individual issues that would actually establish [the employer's ] liability"].) Plaintiff produced no evidence from any employee—other than himself—attesting to the denial of a legally mandated rest break.

7

Plaintiff likens his case to *Brinker*, which involved the rate at which a rest break must be authorized and permitted in light of the " 'major fraction thereof' " language contained in the applicable wage order. (*Brinker*, *supra*, 53 Cal 4th at pp. 1028–1029.) The Supreme Court in *Brinker* considered whether the theory of recovery—that the employer had adopted a uniform corporate rest break policy that violated the wage order because it failed to give effect to the "major fraction thereof" language in the order—was " 'likely to prove amenable to class treatment.' " (*Id*. at p. 1032.) The complaint alleged the employer "failed 'to provide rest periods for every four hours or major fraction thereof worked per day,' " and the plaintiffs sought to certify a class consisting of employees " 'who worked one or more work periods in excess of three and a half (3.5) hours without receiving a paid 10 minute break.' " (*Ibid*.) The employer conceded at the class certification hearing the existence of a uniform rest break policy (one 10-minute rest break per four hours worked) which applied equally to all employees. (*Id*. at p. 1033.) Significantly, the *Brinker* plaintiffs produced numerous declarations from proposed class members attesting that the employer had failed to provide them with any rest breaks or provided them at improper times; survey evidence of ongoing rest break violations; and other evidence suggesting that the employees were not permitted a full 10-minute rest period. (*Id*. at pp. 1020, 1033, fn. 13.) The Supreme Court found no abuse of discretion in the challenged determination that common questions predominated. (*Id*. at pp. 1032.)

In *Brinker*, the proposed class was defined to include employees who were actually denied a rest break and the class proponents put forward evidence of actual violations. (*Brinker*, *supra*, 53 Cal.4th at pp. 1020, 1032.) In contrast here, plaintiff defined a class of employees without regard to whether class members were actually denied breaks, and he produced no evidence showing systematic rest break violations. Indeed, he provided no evidence that a single employee aside from himself may have been subject to an unlawful workplace practice.

8

Plaintiff's other authorities are likewise inapposite, as none involves a class proponent who produced no evidence suggesting a classwide unlawful employment practice.  (See *Sav-on Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319, 329 [declarations from four putative class members]; *Alberts v. Aurora Behavioral Health Care* (2015) 241 Cal.App.4th 388, 395–396 [declarations from 25 putative class members plus expert evidence analyzing employer's timekeeping and payroll data]; *Benton v. Telecom Network Specialist, Inc*. (2013) 220 Cal.App.4th 701, 707 [declarations from 40 putative class members]; *Faulkinbury v. Boyd & Associates, Inc*. (2013) 216 Cal.App.4th 220, 236 [declarations from 46 putative class members]; *Jaimez v. Daiohs USA, Inc*. (2010) 181 Cal.App.4th 1286, 1294 [putative class member declarations describing wage and hour violations]; *Ghazaryan v. Diva Limousine, Ltd*. (2008) 169 Cal.App.4th 1524, 1532 [evidence that all class members at some point accumulated some unpaid on-call time].)

We find no abuse of discretion in the trial court's denial of class certification based on plaintiff's failure to identify a predominating common question of law or fact. In light of that conclusion, we do not reach plaintiff's challenge to the trial court's finding that credibility issues rendered him unable to adequately represent the class.

### III.  DISPOSITION

The order denying class certification is affirmed.  Respondent is awarded its costs on appeal by operation of California Rules of Court, rule 8.278(a)(1).

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Danner, J.

H045263 - *Altiery v. Granite Rock Company*