Opinion
 

 GILBERT, J.
 

 If this case is an example, the term “civil procedure” is an oxymoron.
 

 Plaintiff’s attorney appeals a discovery order that he pay $950 in sanctions. We echo the trial court’s comment when he reviewed the facts that gave rise to this order: “Unbelievable.” What is believeable, however, is that the order is not appealable. Nevertheless, we treat it as a writ petition. No court should have to review these facts again.
 

 Facts
 

 Plaintiff Green sued defendant GTE California, Inc. (GTE), for wrongful termination. GTE noticed plaintiffs deposition. After several continuances,
 
 *409
 
 the deposition was set for the afternoon of June 23,1993. Plaintiff’s attorney apparently had difficulty in other cases with the same defense counsel who would be representing GTE at the deposition. He therefore wished to control what he believed to be “intimidation tactics” practiced by his opposing counsel in the past. He points out that these tactics included facial expressions and gestures, which would not appear in a transcript. Nor would they appear on defendant’s reporter’s video equipment.
 

 Plaintiffs attorney therefore brought his own video camera for the purpose of taping defense counsel during the deposition. By this method he apparently hoped to inhibit defense counsel’s “offending actions,” or at least record them.
 

 Not surprisingly, defense counsel objected to being filmed. She told plaintiffs counsel that he had not given proper notice to use the video camera under Code of Civil Procedure section 2025. Plaintiffs counsel then agreed not to tape defense counsel, unless he perceived her to be using “intimidation tactics.”
 

 The deposition lasted only a few hours on the first day. At the beginning of the second day of deposition, defense counsel gave plaintiff’s counsel three options. He could put a lens cap on the camera, turn it away from her, or remove it. Both counsel then engaged in what we will euphemistically call a verbal altercation, so lacking in civility, that we decline to repeat it here. Defense counsel refused to continue with the deposition and announced she would seek a protective order.
 

 Plaintiffs counsel then filed a motion to terminate plaintiff Green’s deposition and to obtain sanctions against defense counsel. GTE filed its opposition to the motion and requested sanctions against Green and his counsel.
 

 At the hearing on the motion, plaintiff’s counsel made the remarkable statement that his motion was designed to move discovery along. This prompted the court to tell counsel of its reliance on a fundamental concept of justice. “You were wrong in the first instance and you are wrong now and what’s worse, you know you are wrong.” The court was right.
 

 We find no abuse of discretion and affirm the trial court’s order.
 

 Discussion
 

 Appealable Order?
 

 We believe the order is not appealable. We agree with
 
 Ballard
 
 v.
 
 Taylor
 
 (1993) 20 Cal.App.4th 1736,1738 [25 Cal.Rptr.2d 384], and that line
 
 *410
 
 of cases which hold that irrespective of the amount of the sanction, orders imposing monetary discovery sanctions are not appealable under former subdivision (k) of Code of Civil Procedure section 904.1.
 

 Nevertheless, we treat the attempted appeal as a writ petition. We hope to end this tasteless episode.
 
 (Olson
 
 v.
 
 Cory
 
 (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720];
 
 Barnes
 
 v.
 
 Molino
 
 (1980) 103 Cal.App.3d 46, 51 [162 Cal.Rptr. 78].)
 

 Sanctions Were Justified
 

 GTE makes a cogent point when it opines that plaintiffs counsel’s rationale for his conduct was that two wrongs make a right. Plaintiffs counsel’s belief that his opposing counsel acted improperly in past cases cannot be a basis for relief here.
 

 If plaintiffs counsel could have shown that in this case his opposing counsel acted improperly, an appropriate motion may have had the trial court’s sympathetic ear. Who knows, plaintiffs counsel might have persuaded the judge to allow him to videotape opposing counsel.
 

 But here, plaintiffs counsel’s attempted novel use of the video camera ran afoul of the notice requirements of Code of Civil Procedure section 2025, subdivision (l)(1). He did not give the three-day notice required by the statute. Putting aside the notice requirement, it is questionable whether the statute applies to videotaping opposing counsel instead of the witness.
 

 Cases like this one clutter our courts. As our colleagues in
 
 Lossing
 
 v.
 
 Superior Court
 
 (1987) 207 Cal.App.3d 635, 641 [255 Cal.Rptr. 18], remarked, “The legal profession has already suffered a loss of stature and of public respect. . . .” Here the suffering continues. As in
 
 Lossing,
 
 “. . . this litigation arose from a fit of pique between counsel. . . .”
 
 (Ibid.)
 
 Both the legal profession and the courts would be better served if litigation arose from legitimate disputes between the litigants instead of from wasteful bickering between their attorneys.
 

 We do not substitute our judgment for that of the trial court. Here there was no abuse of discretion.
 
 (Tenderloin Housing Clinic, Inc.
 
 v.
 
 Sparks
 
 (1992) 8 Cal.App.4th 299 [10 Cal.Rptr.2d 371].)
 

 We hope this opinion obviates the need for the court to impose additional sanctions in the future in this case, or in any other case between counsel for that matter.
 

 
 *411
 
 We deny the request to set aside the order for sanctions. Costs to defendant.
 

 Whether attorney fees are appropriate in responding to this appeal, we leave to the sound discretion of the trial court.
 

 Stone (S. J.), P. J., and Yegan, J., concurred.