[No. A070438. First Dist., Div. Five. June 14, 1996.]

RAIL-TRANSPORT EMPLOYEES ASSOCIATION et al., Plaintiffs and Appellants, v.
UNION PACIFIC MOTOR FREIGHT et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, parts II and III of this opinion are not certified for publication.

**COUNSEL**

Mark Carton, Richard Schwartz & Associates and Richard E. Schwartz for Plaintiffs and Appellants.

Michael L. Whitcomb, Paul, Hastings, Janofsky & Walker, James A. Zapp, Rosemary M. Kirbach, John A. Makarewich, Keck, Mahn & Cate, Patrick W. Jordan and Stephen N. Yang for Defendants and Respondents.

## Opinion

**HANING J.**—Plaintiffs Rail-Transport Employees Association (RTEA) et al,[2] and their out-of-state attorney Richard E. Schwartz appeal a March 3, 1995, order imposing $29,161.06 in discovery sanctions against them in favor of defendants and respondents Union Pacific Motor Freight (UPMF) et al.[3] (Code Civ. Proc.,[4] §§ 2023 & 2025), and a February 17, 1995, order denying Schwartz's application for *pro hac vice* status.[5] Appellants contend the imposition of sanctions was unreasonable and an "unconstitutional penalty," and that denial of the *pro hac vice* application constituted an abuse of discretion. We affirm.

### Background

This appeal arises from discovery proceedings in a wrongful termination action. Sanctions were imposed as follows: $5,800 solely against Schwartz; $2,270 solely against RTEA; and $21,091.06 jointly and severally against RTEA and Schwartz.

### I

The issue is whether discovery sanctions exceeding $5,000 are appealable under section 904.1,[6] subdivision(a)(11) and (12), amended effective January 1, 1994. (Stats. 1993, ch. 456, § 12.)

Section 904.1(a) provides, in relevant part: "An appeal may be taken from a superior court in the following cases: [¶] . . . [¶] (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an *order* directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (Italics added.)

---

[2]Also appealing are RTEA's directors Miguel Lopez, Glenn Baker, Joe Hernandez, Andy Budai and William Cannady (named as appellants "in the alternative").

[3]Also responding are Union Pacific Railroad (UPR), In-Terminal Services, Inc. (ITS) and Terry Hall.

[4]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

[5]Schwartz continues as RTEA's counsel for purposes of this appeal only. RTEA is now represented by Philip Borowsky.

[6]For convenience, we refer to section 904.1, subdivision (a), as section 904.1(a) and section 904.1, subdivision (k), as section 904.1(k).

## A.  *Former section 904.1(k)*

Prior to legislation enacted in 1989, orders imposing discovery sanctions were not appealable. (*Hanna* v. *BankAmerica Business Credit, Inc.* (1993) 16 Cal.App.4th 913, 915 [20 Cal.Rptr.2d 430] (*Hanna*) and cases cited therein.) In 1989 section 904.1(a) was amended by adding the provision that "[A]n appellate court may, in its discretion, review . . . *a judgment or order for the payment of monetary sanctions*, upon petition for an extraordinary writ." (Italicized portion added by 1989 amendment.) Former section 904.1(k) was added to provide, in relevant part, that an appeal may be taken "From a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."

A split of authority occurred among the Courts of Appeal as to whether orders imposing discovery sanctions in excess of $750 were directly appealable under former section 904.1(k). Most cases concluded that discovery sanction orders, regardless of the amount, were not directly appealable, and were reviewable only on appeal from a final judgment in the action or, in the court's discretion, upon a petition for extraordinary writ. (See *Green* v. *GTE California, Inc.* (1994) 29 Cal.App.4th 407, 409-410 [34 Cal.Rptr.2d 517]; *Ballard* v. *Taylor* (1993) 20 Cal.App.4th 1736, 1739 [25 Cal.Rptr.2d 384] (*Ballard*); *Peterson* v. *General Motors Corp.* (1993) 19 Cal.App.4th 1330, 1333 [23 Cal.Rptr.2d 768]; *Hanna, supra,* 16 Cal.App.4th at pp. 914-915; *Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1561 [285 Cal.Rptr. 691] (*Rao*).)

*Rao* was the cornerstone of the majority view. It focused on the fact that section 904.1(a) provided that any "judgment or order" imposing monetary sanctions was reviewable at the discretion of the appellate court upon petition for extraordinary writ, while former section 904.1(k) referred only to a "judgment." (*Rao, supra,* 233 Cal.App.3d at p. 1562.) *Rao* concluded that the legislative intent behind the 1989 amendment to section 904.1 was to reduce the number of appeals from monetary sanctions, and the Legislature could not have intended to extend the right of appeal to include a category of order which had never been separately appealable. (*Id.* at p. 1563.) *Rao* also reasoned that discovery sanctions are nonappealable under the collateral order doctrine. (*Id.* at pp. 1565-1566.) Consequently, it held that orders imposing discovery sanctions in excess of $750 were not appealable.

The minority view of former section 904.1(k) concluded that orders imposing discovery sanctions above the $750 threshold are immediately appealable. (See *Greene* v. *Amante* (1992) 3 Cal.App.4th 684, 690 [4 Cal.Rptr.2d 571] (*Greene*); *Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 969-970 [280 Cal.Rptr. 474] (*Kohan*).) The rationale for the minority view was that former section 904.1(k) did not distinguish between types of sanction orders, and "order" is synonymous with "judgment;" thus it was appealable. (*Greene*, *supra*, 3 Cal.App.4th at pp. 688-690.) However, the minority view also recognized that in enacting former section 904.1(k), the Legislature intended to restrict, rather than expand, the category of appealable orders. (*Kohan*, *supra*, 229 Cal.App.3d at p. 970.)

Courts expressly called upon the Legislature and the Supreme Court "to provide guidance on this issue in order to ensure uniformity throughout the state." (*Hanna*, *supra*, 16 Cal.App.4th at p. 918; accord, *Ballard*, *supra*, 20 Cal.App.4th at p. 1739.)

B.  *1993 Amendment to section 904.1*

The 1993 amendment to section 904.1 increases the appealable threshold from $750 to $5,000 and expressly recognizes that the right of appeal lies from a sanctions "order" (§ 904.1(a)(12)), as well as from an "interlocutory judgment" (§ 904.1(a)(11)). However, like its predecessor, former section 904.1(k), the amended section 904.1 does not expressly refer to discovery sanction orders. Despite pleas for guidance, the Legislature's amendment of section 904.1 does not, on its face, clarify whether discovery sanctions in excess of $5,000 are appealable.

Given the uncertainty we must resort to rules of statutory interpretation to ascertain the Legislature's intent and give it effect. (*Rao*, *supra*, 233 Cal.App.3d at p. 1562.)  ■  Statutory interpretation is a question of law which we decide de novo. (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856]; *Schwetz* v. *Minnerly* (1990) 220 Cal.App.3d 296, 302 [269 Cal.Rptr. 417].)

■  Unfortunately, the legislative history of Assembly Bill No. 58 (the bill to amend section 904.1) does not definitively reflect the Legislature's intent as to appeals from discovery sanctions. The May 19, 1993, Assembly Committee on Judiciary report states: "The intent of AB 58 with regard to [s]ection 904.1(k) is to resolve a dispute among the appellate courts regarding the question of whether a sanction order in excess of $750 may be the subject of appeal. [¶] AB 58 provides for the direct appeal of these sanction

orders. The Committee argues that these interlocutory orders, particularly sanction orders, should be subject to review by writ only, not appeal. [¶] The committee argues that there is no compelling reason 'to provide for appeals as of right from monetary pretrial discovery sanctions over $750.' AB 58 will, unwisely, create 'a new and unwarranted class of appeals.' . . . [¶] The author [of the bill] is clearly correct in one regard. This issue should be clarified—one way or the other." (Assem. Com. on Judiciary Rep. on Assem. Bill No. 58 (1993-1994 Reg. Sess.) May 19, 1993.)

The August 17, 1993, Senate Committee on Judiciary report states, in relevant part: "This bill would increase the threshold amount from $750 to $5,000 for an immediate appeal of a sanctions assessment. An appeal in other cases may be taken upon the conclusion of the case or upon an interlocutory appeal by extraordinary writ. [¶] . . . [¶] Existing law provides that orders awarding sanctions of over $750 are appealable; lesser awards may be reviewed by writ or as part of the final judgment on the action. However, the language is imprecise and the courts have split on interpreting the law as to whether a sanctions order of over $750 may be appealed immediately. AB 58 specifically states that sanction orders of over $5,000 are immediately appealable and lesser amounts are reviewable via writ or as part of the final judgment. [¶] *The threshold amount was increased to $5,000 in order to obtain AB 58's passage from the Assembly Judiciary Committee.*" (Sen. Com. on Judiciary Rep. on Assem. Bill No. 58 (1993-1994 Reg. Sess.) Aug. 17, 1993, italics added.)

Although the Assembly Committee on Judiciary report states that the intent of Assembly Bill No. 58 was to resolve a dispute among the appellate courts regarding the appealability of sanction orders exceeding $750, it does not state that the nature of the controversy involved discovery sanctions. However, the only conflict in the appellate courts regarding section 904.1 concerned the appealability of *discovery* sanctions. Consequently, if the Legislature intended to resolve *that* controversy, then section 904.1(a)(11) and (12) must apply to all sanction orders in excess of $5,000, including discovery sanctions.

The amendment to section 904.1 accomplished two things, it: (1) raised the appealable threshold from $750 to $5,000, and (2) permitted appeals from "orders." Raising the appealable threshold continues the legislative intent to restrict, rather than expand, appeals from sanction orders. Permitting appeals from "orders" resolves the issue raised by *Rao* and its progeny, that discovery sanction orders were not appealable because they were orders and not judgments.

Discovery sanctions rarely exceed $5,000 in California state courts. We conclude that by significantly increasing the appealable threshold to $5,000 and permitting appeals from sanction orders, the Legislature was effecting a compromise solution to the discovery sanctions dispute. That is, the vast majority of discovery sanctions will not reach the $5,000 threshold and therefore are unappealable. However, those cases involving misuse of the discovery process which result in sanctions exceeding $5,000 are reviewable by direct appeal.

In this case the discovery sanction imposed against RTEA exceeds $5,000 and is therefore appealable.[7]

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

Affirmed.

Peterson, P. J., and King, J., concurred.

The petition of appellant Richard E. Schwartz for review by the Supreme Court was denied September 4, 1996.

---

[7]There is no question that the sanctions imposed against Schwartz are immediately appealable since he is no longer representing RTEA and, therefore, the discovery sanction order is final as to him. (See *Barton* v. *Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358, 1361 [22 Cal.Rptr.2d 56].)

*See footnote 1, *ante*, page 469.