Filed 10/31/23  Perez v. California Herbal Remedies CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| SARAH PEREZ,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CALIFORNIA HERBAL REMEDIES, LLC,<br><br>Defendant and Appellant. | B321576<br><br>(Los Angeles County Super. Ct. No. 21STCV14519) |


APPEAL from an order of the Superior Court of Los Angeles County, Amy D. Hogue, Judge.  Affirmed in part, dismissed in part.

Gustavo Lamanna for Defendant and Appellant.

Moon & Yang, Kane Moon, Allen Feghali, and Edwin Kamarzarian for Plaintiff and Respondent.

Appellant California Herbal Remedies, Inc. (CHR)[1] appeals from an order compelling discovery responses and an accompanying award of monetary sanctions in favor of respondent Sarah Perez, a former employee. CHR contends that the trial court erred in ordering it to provide names and contact information of employees for the purposes of class notice. CHR further contends that it acted with substantial justification in opposing Perez's motions to compel, and therefore that the $10,000 sanctions order was an abuse of discretion.

We do not reach the substance of CHR's challenge to the discovery order, as that order is not appealable and CHR did not seek writ relief. As for the sanctions order, CHR has made no showing of substantial justification in opposing the motions to compel. We therefore dismiss the portion of the appeal related to the order compelling discovery and affirm the trial court's sanctions order.

## FACTUAL AND PROCEDURAL HISTORY

### I. *Complaint*

CHR owns a retail store licensed to sell cannabis in Los Angeles, California. Perez alleges that she was employed by CHR "as a storefront hostess, sales associate, and cultivation maintenance worker" from approximately November 2020 to January 2021.

Perez filed a class action complaint against CHR in April 2021. She ultimately filed the operative second amended class

---

[1] CHR was originally sued as California Herbal Remedies, LLC. Perez filed an amendment in November 2021 to correct the name to California Herbal Remedies, Inc. Although CHR identified itself as the corporation in its notice of appeal, its briefing on appeal refers to both names.

and representative action complaint (SAC) in December 2021. The SAC alleged claims for failure to pay minimum wages and other violations of the California Labor Code, a claim for unfair business practices, and a claim for civil penalties under the Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.). Perez brought the lawsuit on behalf of herself and a putative class of employees who worked for CHR as "hourly-paid non-exempt" employees between April 2017 and the date when class notice was sent.

## II.    Discovery and Motion to Compel

At the initial status conference on October 13, 2021, the court ordered the parties to proceed with the *Belaire-West* process.[2]  The court made the same order at another conference on December 2, 2021.  CHR did not comply.

Perez propounded a set of five special interrogatories and a set of six requests for production of documents on CHR in December 2021, seeking class information, such as the names and contact information for all putative class members, as well as the employee handbook and her personnel file.  In January 2022, CHR served responses containing only objections, including more

---

[2]     As discussed in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 558-559 (*Belaire-West*), courts may utilize an opt-out process in order to balance a class-action plaintiff's right to discover witnesses and putative class members' contact information with the privacy rights of the putative class members.  In this process, the employer submits employee contact information to a third-party administrator, who then contacts the employees and provides them with the option to opt out of having their contact information disclosed to the plaintiff's attorney.

than 10 pages of general objections and nine pages of objections to each request.

After discussing available dates with the parties, the court set an informal discovery conference for February 22, 2022. Because the deadline for Perez to file motions to compel discovery fell on the same day, she requested an extension from CHR's counsel. According to Perez, CHR refused to grant an extension, causing Perez to seek relief from the court. On February 3, 2022, the court issued a minute order tolling the filing deadline for Perez's motions to compel discovery to March 30, 2022.

On February 16, 2022, Perez filed an informal discovery conference statement in advance of the scheduled February 22 conference. She outlined pending discovery issues, including CHR's failure to respond to a draft *Belaire-West* notice and request for approximate class size in contravention of prior court orders, and CHR's failure to provide substantive responses to discovery. At the conference on February 22, 2022, the court ordered CHR to provide substantive verified discovery responses and a class list by March 22. These orders were memorialized in the court's minute order from the hearing and a notice of ruling served on CHR's counsel.

In a letter on March 11, 2022, CHR's counsel stated that CHR "will not be supplementing any discovery responses" based on the objection that Perez "waived [her] right to the discovery by not complying with the informal discovery conference prerequisites nor filing [a motion to compel] within the 45-day deadline." Perez reported to the court on March 23, 2022 that CHR had not complied with any of the court's February 22, 2022 orders. CHR did not dispute this report, but stated it intended to

4

move to strike the SAC based on Perez's purported waiver of "her right to compel further response to her discovery."

At a status conference on March 30, 2022, the court issued an order to show cause (OSC) why sanctions of $1,000 should not be imposed against counsel for CHR for failure to comply with the court's February 22, 2022 order. The court set a hearing on the OSC for April 26, 2022, with a written response by CHR's counsel due April 21, 2022. The court also extended Perez's motion to compel deadline to May 2, 2022.

CHR filed a motion to strike the SAC on April 4, 2022. CHR also filed a response to the OSC on April 18, stating that CHR's counsel had complied "with all aspects of what his memorialization of the February 22, 2022 hearing [*sic*]." Specifically, CHR's counsel argued that his compliance consisted of the submission of two items requested by the court—CHR's proposed motion to strike and case law supporting his objection to discovery on the basis that Perez purportedly conspired with her counsel to be hired by CHR for the purpose of instigating litigation. CHR's counsel did not dispute that CHR had failed to serve substantive discovery responses or a class list, as ordered; instead, he stated that there were "a few disconnects" between what he understood and what the court ordered on February 22, 2022, but that they "are more form over substance."

At the April 26, 2022 hearing, the court denied CHR's motion to strike. The court found that Perez had not waived her right to compel further discovery responses and, even if she had, such waiver would not be a basis on which to strike the entire complaint. The court also discharged the OSC and set a hearing date for Perez's motions to compel discovery, noting that it would

5

address the issue of sanctions in the context of the discovery motions.

Perez filed her motions to compel further responses to the special interrogatories and document requests on May 2, 2022. She sought sanctions of $22,360, arguing that CHR had refused to discuss the discovery and had failed to provide any substantive responses despite the court's prior orders. In opposition, CHR argued that Perez failed to attempt to informally resolve the discovery issues as required under Code of Civil Procedure section 2016.040[3] and failed to timely file a motion to compel. It also argued that it had made "significant and repeated efforts to meet and confer" to avoid motion practice, specifically by drafting the motion to strike and seeking informal discovery regarding CHR's claim of barratry, i.e., that Perez was a planted employee. CHR also argued that it properly refused to provide discovery due to privacy concerns, specifically related to its claim that Perez was not a genuine employee.

At the hearing on the motions to compel on May 26, 2022, counsel for CHR argued only that the sanctions amount should be reduced. The court took the matter under submission. The following day, the court issued a written order granting the motions to compel and awarding sanctions of $10,000 against CHR and its counsel. The court detailed CHR's failures to comply with prior orders, including the court's orders in October

---

[3] Section 2016.040 requires that a "meet and confer declaration in support of a motion [to compel] shall state facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion." All further statutory references are to the Code of Civil Procedure unless otherwise specified.

6

and December 2021 to proceed with the *Belaire-West* process. Further, at the informal discovery conference on February 22, 2022, the court gave CHR "additional time to amend its responses rather than face a motion to compel." CHR again failed to comply, and had not provided any substantive discovery responses.

The court also found that Perez had "reasonably and in good faith attempted to resolve the deficiencies in CA Herbal's responses." The court again rejected CHR's contention that Perez waived the right to move to compel. The court also rejected CHR's privacy argument, noting that those concerns were adequately protected under the *Belaire-West* process. The court found that CHR had not acted with substantial justification in opposing the motions to compel, concluding that CHR's "repeated failure to adhere to direct court orders requiring it to provide contact information … and substantive responses to discovery completely undermines any pretext of substantial justification." The court also noted that the issues raised were "not close calls," but involved routinely discoverable information. Further, the court found that CHR's privacy objection was "particularly meritless" in the context of Perez's document requests, which did not seek employee contact information but rather, for example, the employee handbook and Perez's own personnel file.

CHR timely appealed from the court's May 27, 2022 ruling.

## DISCUSSION

CHR contends the trial court erred in granting Perez's motions to compel discovery and awarding sanctions against CHR and its counsel. We agree with Perez that only the sanctions order is appealable pursuant to section 904.1, subdivision (a)(12). We therefore dismiss the portion of the

7

appeal arising from the court's order granting the motions to compel as interlocutory. As to the sanctions, we find no abuse of discretion by the trial court. We therefore affirm the trial court's sanctions order.

# I.    *Appealability*

CHR appeals from the trial court's order of May 27, 2022, which includes the order granting Perez's motions to compel further responses to discovery and the award of $10,000 in sanctions against CHR and its counsel. Perez contends that only the sanctions portion of the order is appealable. We agree.

"The right to appeal is wholly statutory." (*Dana Point Safe Harbor Collective v. Superior Court* (2010) 51 Cal.4th 1, 5.) "Unless an order is expressly made appealable by a statute, this court has no jurisdiction to consider it." (*Levinson Arshonsky & Kurtz LLP v. Kim* (2019) 35 Cal.App.5th 896, 903; see also *Griset v. Fair Political Practices Com*. (2001) 25 Cal.4th 688, 696.)

Under section 904.1(a)(12), an appeal may be taken from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)." There is no comparable statutory right to appeal from a prejudgment discovery order. (See *Montano v. Wet Seal Retail, Inc*. (2015) 7 Cal.App.5th 1248, 1259; *Doe v. United States Swimming, Inc*. (2011) 200 Cal.App.4th 1424, 1432.) Instead, discovery orders are appealable as part of an appeal from a final judgment. (See *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1060.) In addition, a party may petition for extraordinary writ relief related to discovery matters, including to prevent discovery of information protected by a right of privacy. (See, e.g., *Los Angeles Gay & Lesbian Center v. Superior Court* (2011)

8

194 Cal.App.4th 288, 300 [granting in part writ petition regarding class notice to medical patients].)

Here, the monetary sanctions imposed by the trial court are appealable under section 904.1(a)(12). But no other portion of the court's May 27, 2022 order is directly appealable. Tellingly, the cases cited by CHR in support of its contention that it may appeal the entire order involve writ review rather than direct appeal. (See *Los Angeles Gay & Lesbian Center v. Superior Court, supra,* 194 Cal.App.4th at p. 300; *City of Los Angeles v. Superior Court* (2017) 9 Cal.App.5th 272, 282 ["'Writ review is appropriate in discovery matters where, as here, it is necessary to address 'questions of first impression that are of general importance to the trial courts and to the [legal] profession, and where general guidelines can be laid down for future cases.'"].)

CHR admits it did not seek writ review. Instead, it argues that the entire discovery order is appealable because the court issued a single order granting the motions to compel and awarding sanctions. It cites no authority to support this contention. CHR's reliance on *Rail-Transport Employees Assn. v. Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469 (*Rail-Transport*) is inapposite, as that case involved an appeal challenging only discovery sanctions. (*Id.* at p. 475 ["the discovery sanction imposed against RTEA exceeds $5,000 and is therefore appealable"].) The fact that section 904.1(a)(12) permits appeals from "orders" does not encompass orders other than those expressly included in the statute. (§ 904.1(a)(12); *Rail-Transport, supra,* 46 Cal.App.4th at p.474; see also *Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 829 (*Deck*) [in appeal from order granting both issue and monetary sanctions, dismissing portion of appeal regarding issue sanctions

9

and considering portion regarding monetary sanctions, as that order was "by statute severable and immediately appealable"].)

As such, we dismiss the portion of the appeal taken from the trial court's order granting Perez's motions to compel discovery.

## II.  *Order Granting Sanctions*

We turn to the appealable portion of the court's order, the award of discovery sanctions against CHR and its counsel.  As relevant here, section 2023.010 authorizes a trial court to impose monetary sanctions for conduct amounting to a misuse of the discovery process, including "[m]aking, without substantial justification, an unmeritorious objection to discovery" (*id.*, subd. (e)); "[m]aking an evasive response to discovery" (*id.*, subd. (f)); "[d]isobeying a court order to provide discovery" (*id.*, subd. (g)); and "opposing, unsuccessfully and without substantial justification, a motion to compel ... discovery" (*id.*, subd. (h)).  "The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."  (§ 2023.030, subd. (a).)

A court shall impose a monetary sanction against "any party, person, or attorney" who unsuccessfully opposes a motion to compel a further response to interrogatories or to requests for production of documents "unless [the court] finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." (§§ 2030.300, subd. (d), 2031.300, subd. (c).)

Thus, monetary sanctions are mandatory absent a finding of substantial justification.  (See *Deck, supra,* 89 Cal.App.5th at

10

pp. 829-830.) "'The trial court has broad discretion in deciding whether to impose sanctions and in setting the amount of monetary sanctions.'" (*Id*. at pp. 823-824, quoting *Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789.) We review a trial court order imposing discovery sanctions for abuse of that discretion. ( *Deck, supra,* 89 Cal.App.5th at p. 823.)

Apart from arguing that the trial court's initial order compelling discovery responses was in error, CHR makes no independent showing that the trial court abused its direction in finding that CHR lacked substantial justification in opposing the motions to compel. Moreover, the record amply demonstrates that the trial court was well within its discretion in awarding sanctions here. CHR served voluminous objections to Perez's discovery requests without any substantive responses, including boilerplate privacy objections to requests that did not call for private information. CHR has provided no justification for its blanket failure to cooperate in discovery, even assuming its privacy objections were properly raised. Moreover, CHR repeatedly refused to obey the trial court's orders to supplement its responses and provide information to engage in the standard *Belaire-West* process. We also note that, although CHR repeatedly argues on appeal that the trial court failed to consider the heightened privacy concerns of its employees due to the dangers of working for a cannabis retailer, CHR did not raise this argument until *after* the trial court had granted the motions to compel. Instead, in its voluminous objections to discovery, opposition to the motions to compel, and motion to strike the SAC, CHR raised only a general privacy objection tied to its accusation that Perez was a "plant" and not a true employee. As

11

such, we find no abuse of discretion in the sanctions award against CHR and its counsel.

## DISPOSITION

The May 27, 2022 order awarding sanctions is affirmed. The remainder of the appeal is dismissed. Perez is entitled to her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:



CURREY, P.J.



ZUKIN, J.

12