Filed 8/21/24  Hershey v. Geragos & Geragos CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TERESA HERSHEY et al., | B330853 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV17855) |
| v. | |
| GERAGOS & GERAGOS, APC, et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County, Rolf M. Treu, Charles C. Lee and Susan J. Matcham, Judges. Affirmed.

Law Office of Ron A. Rosen Janfaza and Ron A. Rosen Janfaza for Plaintiffs and Appellants.

No appearance for Defendants and Respondents.

Appellants Teresa Hershey, Michelle Roberts, Lori Shanyfelt, and Stephanie Small appeal from orders imposing monetary sanctions against their counsel, Ron A. Rosen Janfaza, for discovery violations in their legal malpractice action against respondents Geragos & Geragos, APC, and Mark J. Geragos. Appellants contend the trial court erred in imposing sanctions because they did not file oppositions to respondents' motions to compel discovery responses. We disagree and affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants filed a legal malpractice action against respondents, their former attorneys, alleging various acts of professional negligence in handling product liability and medical malpractice claims. When a number of discovery disputes arose, the trial court ordered the matter sent to a discovery referee and appointed a retired superior court judge. The disputes included motions filed by respondents to compel further responses to their interrogatories and requests for production of documents. In their motions, respondents sought monetary sanctions under Code of Civil Procedure sections 2023.010, 2023.030, 2030.300, and 2031.310 for the attorney's fees and costs incurred to seek the discovery orders.[1]

Appellants did not file oppositions; instead, they served supplemental responses. The discovery referee made recommendations on the proper resolution of respondents' motions in three reports. She also recommended monetary sanctions be imposed solely on appellants' counsel. This recommendation was based on findings that appellants' counsel

---

[1]     All further unattributed statutory references are to the Code of Civil Procedure.

2

misused discovery by making unmeritorious objections, giving evasive responses, violating the court's discovery order, deliberately misrepresenting the date on which responses were served, and engaging in dilatory conduct designed to delay and impede discovery and trial preparation.

The trial court adopted the discovery referee's recommendations and issued three orders requiring appellants' counsel to pay a total of $22,933 in monetary sanctions: (1) $9,231.50 on March 30, 2023; (2) $4,043 on April 4, 2023; and (3) $9,658.50 on May 8, 2023, for a total of $22,933.

On May 25, 2023, appellants filed a timely appeal from these orders imposing sanctions.

## DISCUSSION

### I. The April 4, 2023 sanctions order is not an appealable order

Discovery sanctions exceeding $5,000 are appealable under section 904.1, subdivision (a)(11) and (12). (*Rail-Transport Employees Assn. v. Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469, 475.) It is settled law that orders separately imposing sanctions cannot be aggregated to reach the $5,000 threshold that permits an immediate appeal. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 45, disapproved on other grounds by *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6.) "'An attempt to appeal from a nonappealable order does not give this court jurisdiction or authority to review it.' [Citation.] Consequently, it is the duty of the court to dismiss an appeal from an order that is not appealable." (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.)

3

The trial court imposed monetary sanctions on appellants' counsel in three separate orders. The March 30, 2023 order imposed sanctions of $9,231.50, and the May 8, 2023 order imposed sanctions of $9,658.50. These orders are subject to appeal because they exceed the $5,000 threshold.

The April 4, 2023, order, however, imposed sanctions of $4,043. Since this is less than the $5,000 threshold, this order is not appealable and we decline to consider appellants' appeal from it.

## II.    Standard of review

"We review an order imposing discovery sanctions under the abuse of discretion standard. [Citation.] An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law." (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422.) "'It is [appellant's] burden to affirmatively demonstrate error and, where the evidence is in conflict, this court will not disturb the trial court's findings.'" (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 (*Sinaiko*).)

## III.   The trial court did not abuse its discretion in imposing sanctions

Appellants contend the trial court erred in imposing sanctions because they did not file oppositions to respondents' motions to compel. We disagree.

4

### A. *Legal framework*

"The Discovery Act provides a self-executing process for litigants to obtain broad discovery with a minimum of judicial intervention. . . . [¶] Each discovery method authorizes the court to impose specific types of sanctions under specific circumstances. When a discovery motion is filed, the statute governing the motion generally requires that the court impose a monetary sanction against a party, person, or attorney who unsuccessfully made or opposed the motion, unless the person subject to the sanction acted with substantial justification or sanctions would be unjust under the circumstances." (*City of Los Angeles v. PricewaterhouseCoopers, LLC* (2022) 84 Cal.App.5th 466, 498, citations omitted, review granted Jan. 25, 2023, S277211 (*PricewaterhouseCoopers*).)

Here, the dispute involves interrogatories and demands for production. Sections 2030.300, subdivision (d) and 2031.310, subdivision (h) mandate the imposition of sanctions on parties that unsuccessfully make or oppose a motion to compel further responses to an interrogatory or demand.[2]  California Rules of

---

[2]      Section 2030.300, subdivision (d), states, "The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a further response to interrogatories, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

Section 2031.310, subdivision (h), states "Except as provided in subdivision (j), the court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel further response to a demand, unless it finds that the one subject to the sanction acted with

5

Court, rule 3.1348(a), augments this by stating a court "may" award sanctions under the Civil Discovery Act (Discovery Act; § 2016.010 et seq.) in favor of a party who files a motion to compel discovery, even though no opposition to the motion was filed, or opposition to the motion was withdrawn, or the requested discovery was provided to the moving party after the motion was filed. (See *Masimo Corp. v. The Vanderpool Law Firm, Inc.* (2024) 101 Cal.App.5th 902, 909, fn. 9 ["Clearly forcing a party to resort to the court to get discovery is the sanctionable behavior."].)

**B.** ***Monetary sanctions were authorized under sections 2030.300 and 2031.310 and California Rules of Court, rule 3.1348***

Appellants argue sanctions could not be imposed because respondents filed their motions under sections 2023.010 and 2023.030.[3] In support they cite *PricewaterhouseCoopers* because it interpreted sections 2023.010 and 2023.030 to be "definitional" statutes that do not authorize the court to impose sanctions. (*PricewaterhouseCoopers, supra*, 84 Cal.App.5th at p. 484.)[4]

---

substantial justification or that other circumstances make the imposition of the sanction unjust." Subdivision (j) of section 2031.310 concerns the failure to obey an order compelling further responses and does not apply here.

[3]     Section 2023.010 defines misuses of discovery, e.g., failing to respond or to submit to an authorized method of discovery; making, without substantial justification, an unmeritorious objection to discovery; making an evasive response to discovery; or disobeying a court order to provide discovery.

Section 2023.030 authorizes the court to impose monetary, issue, evidentiary, or termination sanctions against anyone engaging in conduct that is a misuse of the discovery process.

[4]     Other cases have found section 2023.030 authorizes sanctions. See, e.g., *Pratt v. Union Pacific Railroad Co.* (2008)

6

Respondents, however, sought monetary sanctions under two other statutes: sections 2030.300 and 2031.310. As a result, this matter is clearly distinguishable from *PricewaterhouseCoopers*. In that case, the party filed a motion for sanctions solely under sections 2023.010 and 2023.030 without reference to any other authorizing statute under the Discovery Act. Here, respondents also cited sections 2030.300 and 2031.310, which authorize the imposition of monetary sanctions against parties, persons, or attorneys who unsuccessfully make or oppose motions to compel further responses to interrogatories and demands for inspection.

Appellants claim these statutes do not support the imposition of sanctions because they did not oppose respondents' motions. However, appellants did not address California Rules of Court, rule 3.1348, which authorizes a court to award sanctions in favor of a party who files a motion to compel discovery even though no opposition to the motion was filed. Thus, the court had authority to impose sanctions on appellants' counsel even though no opposition papers were filed.

Appellants also note they rendered respondents' motions moot by providing discovery responses after the motions were

168 Cal.App.4th 165 (*Pratt*), citing sections 2023.010 and 2023.030 in support of "the trial court has discretion to impose monetary sanctions when one party persists, over objection and without substantial justification, in an attempt to obtain information outside the scope of permissible discovery." See also *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 12, discussing remedies for misuse of discovery and finding the plaintiff was free to seek discovery sanctions under former section 2023 (reorganized into sections 2023.010, 2023.020, 2023.030, and 2023.040, effective July 1, 2005, without substantive change (Stats. 2004, ch. 182, § 23)).

filed. Again, appellants did not address California Rules of Court, rule 3.1348, which authorizes monetary sanctions when supplemental responses are served after the motion to compel is filed. Further, a trial court has discretion to impose sanctions for the misuse of the discovery process even when the underlying discovery dispute is resolved. (See *Sinaiko, supra*, 148 Cal.App.4th at pp. 408-409.)

Such misuse was found by the trial court. Section 2023.010 defines the misuse of discovery to include making unmeritorious objections to discovery; making evasive responses to discovery; disobeying a court order to provide discovery; and using discovery to cause unwarranted annoyance, embarrassment, or oppression, or undue burden and expense. Section 2023.030, subdivision (a), authorizes a court to impose monetary sanctions on the one engaging in the misuse of discovery by ordering the payment of the reasonable expenses, including attorney's fees, incurred as a result of that conduct.

Here, the sanctions imposed on appellant's counsel were based on findings that he misused discovery by making unmeritorious objections to discovery, making evasive responses, violating the court's discovery order, deliberately misrepresenting the date on which responses were served, and engaging in dilatory conduct designed to delay and impede discovery and trial preparation. This conduct is identified as discovery misuse under section 2023.010. The sanctions were imposed in connection with respondents' motions to compel further responses, circumstances in which sections 2030.300 and 2031.310 and California Rules of Court, rule 3.1348 authorize monetary sanctions. As a result, there was no abuse of discretion to impose monetary sanctions on appellants' counsel by ordering him to pay the reasonable

expenses, including attorney's fees, incurred as a result of his misuse of discovery.

Therefore, the trial court had authority under section 2030.300, section 2031.310, and California Rules of Court, rule 3.1348 to impose monetary sanctions on appellants' counsel. We find no abuse of discretion in the court's orders imposing monetary sanctions based on the findings that appellants' counsel had misused discovery.

## DISPOSITION

The orders imposing sanctions are affirmed.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
HOFFSTADT, J.