Filed 10/16/25  Marriage of Lin and Chao CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of LICHIAO LIN and WEITING CHAO. | H052699<br><br>(Santa Clara County<br>Super. Ct. No. 21FL004301) |
| LICHIAO LIN,<br><br>        Respondent,<br><br>        v.<br><br>WEITING CHAO,<br><br>        Appellant. | |

Appellant Weiting Chao, representing himself, appeals from an order issued by the trial court on September 24, 2024 (September 24 order).  In the September 24 order, the court imposed $5,000 in sanctions under Family Code section 271, ordered Chao to pay two prior sanctions orders, and assessed future interest on any unpaid sanctions.

Chao argues the September 24 order was based on findings not supported by the record and violated his due process rights because it was issued without notice or a hearing.  Respondent Lichiao Lin, in turn,

contends the September 24 order is nonappealable, Chao's appeal is frivolous, and requests sanctions against Chao.

For the reasons stated below, we determine that the September 24 order is not appealable and dismiss Chao's appeal. We deny Lin's request for sanctions.

## I. FACTS AND PROCEDURAL BACKGROUND

Chao and Lin are father and mother, respectively, to a minor child (child). The September 24 order was issued in the course of contentious marital dissolution proceedings between Chao and Lin.

*A. Trial Court Proceedings*

The record on appeal is sparse. The trial court's register of actions indicates that, on December 14, 2021, Lin filed a petition for dissolution, a request for order for Chao to attend and complete an anger management and parenting class, and supporting declarations, including one filed pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (Fam. Code, § 3400 et seq.). The register of actions also includes a December 22, 2021 entry for a request by Lin for a domestic violence restraining order with minor against Chao, which the court granted in part, a March 8, 2022 entry for a "Response: Dissolution" filed by Chao, and a November 9, 2022 entry for a restraining order after hearing for Lin. These filings and orders do not appear in the record on appeal, which also does not include or reference any judgment.

During a January 9, 2023 hearing, the trial court set forth guidelines for Chao's visitation with child and ordered Chao to attend a parenting without violence class (and provide an update during the February 28, 2023 status conference), imposed attorney fees and costs on Chao under Family

2

Code sections 2030 and 6344,[1] reserved and deferred jurisdiction on Family Code section 271[2] attorney fees and costs, and heard and took under submission the parties' arguments regarding their date of separation.[3]

On February 7, 2023, Chao filed a request for order to change his child support and spousal or partner support obligations because he had been terminated from his job and was unemployed. He also requested a change in the visitation order because he would complete the court-ordered parenting without violence class on February 10.

---

[1] Family Code section 2030, subdivision (a)(1) authorizes a trial court to order "if necessary based on the income and needs assessments, one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."

Family Code section 6344, subdivision (a) authorizes a trial court to "issue an order for the payment of attorney's fees and costs for a prevailing petitioner" in a domestic violence protective order proceeding.

[2] Family Code section 271, subdivision (a) states: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which any conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

[3] The court filed its findings and order after hearing for this hearing on February 14, 2023.

On February 28, 2023, the trial court ordered Chao to complete a domestic violence awareness project (DVAP) class and set guidelines on supervision and location of visitation between Chao and child.

On March 27, 2023, the trial court ordered Chao to use a specific checking account for his living expenses and froze all his other accounts, ordered Chao to pay attorney fees to Lin's counsel, and set visitation guidelines. The court also issued a seek-work order for Chao.

On June 27, 2023, Chao filed a supplemental declaration in which he stated he had completed DVAP, parenting without violence, parenting skills, and anger management classes. He also requested sole custody of child.

On September 12, 2023, Chao filed a request for order asking the trial court to remove child from the domestic violence restraining order, extend Chao's visitation time, and grant him joint legal custody of child.

During a hearing on November 2, 2023, the trial court addressed the parties' custody and visitation requests and set a holiday visitation schedule, including directing child's visitation with Chao for Christmas starting on December 23, 2023. In addition, the court ordered Chao to pay $30,000 in attorney fees and costs to Lin's counsel as sanctions under Family Code sections 271 and 2030. The findings and order after hearing ordered Chao to pay the sanctions within 30 days of the hearing date.[4]

On December 22, 2023, the Ventura County Superior Court granted Chao a temporary restraining order against Lin. On January 12, 2024, the Ventura County Superior Court heard Chao's request for a domestic violence restraining order against Lin. The Ventura County Superior Court dissolved

---

[4] The findings and order after hearing for the November 2, 2023 hearing was filed on October 28, 2024. The findings and order after hearing was signed under Code of Civil Procedure section 635 by a different bench officer than the bench officer who conducted the hearing.

the temporary restraining order issued to Chao against Lin and denied Chao's request for a restraining order "on the grounds that the matter should be heard in Santa Clara [C]ounty." The court granted Lin's ex parte motion to dismiss and denied her request for sanctions, stating that "the matter may be addressed in Santa Clara [C]ounty."

During a hearing on January 31, 2024,[5] in addition to addressing visitation and service requests, the trial court ordered Chao to pay $10,000 in attorney fees and costs to Lin's counsel as sanctions under Family Code section 271. The court stated that the payment of the $10,000 in sanctions would be "deferred depending on the status of [Chao's] frozen bank account."

In June 2024, the parties and child's counsel filed declarations, statements, and requests regarding a dispute over travel arrangements for Chao's summer visitation with child. In a request for order, Lin asked the trial court to impose sanctions on Chao under Family Code section 271. On June 14, 2024, the trial court issued a temporary, ex parte emergency order setting a visitation schedule in accordance with child's counsel's proposal. Chao objected to the order.

During a hearing on September 3, 2024, the trial court addressed Chao's visitation with child and heard argument on Lin's request for sanctions under Family Code section 271. The court took the sanctions request under submission.

The trial court issued its findings and order after hearing on Lin's request for sanctions under Family Code section 271 in the September 24 order, which is the subject of this appeal. The court stated that it had read

---

[5] The findings and order after hearing for the January 31, 2024 hearing was filed on October 28, 2024. The findings and order after hearing was signed under Code of Civil Procedure section 635 by a different bench officer than the bench officer who conducted the hearing.

5

and considered the parties' documents and declarations, "including the income [and] expense declarations and orders on file in this matter, and the arguments (both written and oral) for and against." (Capitalization omitted.) The court found that the $30,000 in attorney fees awarded to Lin under Family Code section 271 on November 2, 2023, was based on Chao's "filing of multiple ex-parte requests, refusals to meet and confer, and other conduct [which] had frustrated the policy of the law to promote cooperation and reduce the costs of litigation." It also found that the $10,000 in "further sanctions" awarded to Lin under the same statutory provision in January 31, 2024, was based on, "most notably," Chao's filing of a domestic violence restraining order against Lin in Ventura County on December 21, 2023, which Chao did with the knowledge that "he was to receive the child into his care on December 23, 2023 and that [Lin]'s counsel was unavailable" and despite the fact that the Ventura County Superior Court would not have had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act. The court found that, as of June 14, 2024, Chao had not paid any portion of these earlier imposed sanctions.

In addition, the trial court found that Chao had, since January 31, 2024, "continued to refuse to cooperate with" Lin and child's counsel, which "significantly increas[ed] the costs of litigation." The court based its finding on Chao's "refusal to cooperate with prior orders, including providing or confirming a residential address at which the child [would] be staying with [Chao] while on vacation"; "refusal to communicate directly with [Lin] regarding scheduling visitation and transportation for visitation," which required "multiple interventions" (including on evenings and weekends) by the court and child's counsel; and "[f]ailure . . . to maintain the child's contact with the child's individual therapist while on vacation with the child in

6

summer 2024." Based on these findings, the court ordered Chao to pay Lin $5,000 in sanctions under Family Code section 271. The court also ordered Chao to pay Lin any unpaid portion of the $40,000 in previously ordered sanctions within 60 days from the date of service of the September 24 order.

On November 12, 2024, Chao appealed the trial court's September 24 order under Code of Civil Procedure[6] section 904.1, subdivision (a)(2) (section 904.1(a)(2)).

### B. Order to Show Cause

In December 2024, this court issued an order to show cause why Chao's appeal should not be dismissed as premature and/or taken from a nonappealable order.

As we understand his argument in response to our order to show cause, Chao maintains that his appeal is not "premature" under section 904.1(a)(2) because all of the sanction orders were filed—and, thus, only became final—on October 28, 2024, which Chao characterizes as the date of "formal entry of judgment." In addition, Chao asserts that the September 24 order is final and appealable under section 904.1(a)(12) because it consolidates and modifies the prior sanctions orders such that the total sanctions imposed ($45,000) exceeds the $5,000 threshold set forth in the statute, and because "it contains significant legal errors requiring appellate correction."

In response, Lin argues that the September 24 order is not appealable under section 904.1(a)(12) because it imposed $5,000 in sanctions and only summarized the prior sanctions orders. She contends that the order is not appealable under section 904.1(a)(2) because no final judgment had been issued prior to the September 24 order.

---

[6] All further unspecified statutory references are to the Code of Civil Procedure.

7

## II.  DISCUSSION

We begin with our jurisdiction.

*A.  Applicable Law*

### 1.  Appellate Jurisdiction

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal."  (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Reviewing courts must resolve any doubts regarding appealability before turning to the merits of an appeal (*ibid.*) and must dismiss an appeal taken from a nonappealable order.  (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.)  We independently review whether we have jurisdiction over an appeal.  (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060, citing *California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252.)

" ' "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." ' "  (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 599 (*City of Gardena*).) " ' "The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' "  (*Ibid.*)  "A trial court's order is appealable when it is made so by statute."  (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.)

Under section 904.1(a)(2), a party may appeal "an order made after a judgment."  In addition, a party may appeal from "an order directing

8

payment of monetary sanctions by a party . . . if the amount exceeds five thousand dollars ($5,000)." (*Id.*, subd. (a)(12)).[7]

2. General Standards of Appellate Review

When an appellant asserts a point on appeal " 'but fails to support it with reasoned argument and citations to authority,' " this court may treat the point as forfeited. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862; *Br. C. v. Be. C.* (2024) 101 Cal.App.5th 259, 264.) "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone & Fyke*).)

These requirements apply with equal force to parties representing themselves. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830.)

*B. Analysis*

Chao asserts that the September 24 order "is a final, appealable judgment" because "[i]t consolidates and modifies prior sanctions," "fundamentally chang[ed] the terms of [the] prior sanctions," and "contains significant legal errors requiring appellate correction." Chao does not make any cogent argument to explain how these asserted characteristics of the September 24 order render it "final" or a "judgment." Nor does Chao cite any legal authority other than section 904.1(a)(2) to support his assertion. Therefore, Chao has forfeited any further argument as to the applicability of section 904.1(a)(2).

---

[7] Chao does not argue that the September 24 Order may be appealed under section 904.1, subdivision (b). We therefore do not consider that possible jurisdictional basis.

No judgment appears in the record,[8] and Chao did not provide any judgment in response to this court's order to show cause. He attached only the trial court's findings and orders after hearing. We decide that Chao has not established that we have jurisdiction with respect to the September 24 order under section 904.1(a)(2).[9]

As the $5,000 sanctions imposed by the trial court in the September 24 order does not meet 904.1(a)(12)'s dollar amount of exceeding $5,000, that provision also does not provide appellate jurisdiction.

Nevertheless, we understand Chao to contend that the September 24 order is appealable under section 904.1(a)(12) because the order "consolidate[d]" and "unified" the prior sanctions and the sanctions imposed in the September 24 order "into a single $45,000 obligation." Chao does not cite to any legal authority to support his contention that separate sanctions orders may be "consolidate[d]" or "unified" to meet the statutory threshold.

It is settled law that orders separately imposing sanctions cannot be aggregated to reach the $5,000 threshold that permits an immediate appeal under section 904.1(a)(12). In *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39 (*Calhoun*) (disapproved on other grounds by *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6), the Court of Appeal reviewed the legislative history of section 904.1's sanctions thresholds. "Before 1990, all monetary sanction orders, regardless of amount, were appealable as final orders on a collateral matter." (*Calhoun*, at p. 44.)

---

[8] The language of the September 24 order, which references "any [j]udgment that may hereafter be entered in this action," supports our conclusion that no judgment had yet been entered when the order was issued.

[9] A sanctioned party may challenge orders imposing sanctions of $5,000 or less in an appeal from a final judgment. (§ 904.1, subd. (b).) Thus, Chao may appeal the September 24 order once the trial court enters a final judgment.

When the Legislature amended the statute to establish a monetary threshold for appeals from sanctions orders (Stats. 1992, ch. 163, § 54 [adding $750 threshold]), " '[t]he legislative history of the subdivision indicates the Legislature's intent was to "[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment" ' " fell below the stated threshold. (*Calhoun*, at p. 44.) "Thus, the purpose of [former] subdivision (k) [and current subdivision (a)(12)] was to *restrict* the number of appeals from sanction orders." (*Ibid*.)

The Court of Appeal "conclude[d] that because of the Legislature's intent to reduce the number of appeals from monetary sanction orders and the confusion that would result from a rule permitting aggregation" (*Calhoun*, *supra*, 20 Cal.App.4th at p. 45), multiple sanctions under the statutory threshold "may not be aggregated under any circumstances to meet the appealability threshold." (*Ibid*.) The court "endorse[d] a bright line rule that a sanction order is nonappealable if it does not impose any sanction exceeding [the statutory threshold], and thus an order requiring payment of multiple sanctions, none of which exceed [the threshold amount], is nonappealable even if the total aggregated sanctions exceed [the threshold amount]." (*Ibid*.)

Section 904.1 has been amended several times since *Calhoun* was issued, and none of these changes provide for aggregation of sanction amounts. To the contrary, the subsequent amendments to section 904.1 have *raised* the dollar amount of the appealability threshold (Stats. 1993, ch. 456, § 12 [renumbering former section 904.1, subdivision (k) to section 904.1(a)(12) and raising the sanctions threshold from $750 to $5,000]), underscoring the legislative intent to further limit appellate jurisdiction over individual sanctions orders. (See *Rail-Transport Employees Assn. v. Union Pacific*

11

*Motor Freight* (1996) 46 Cal.App.4th 469, 474 ["Raising the appealable threshold continues the legislative intent to restrict, rather than expand, appeals from sanction orders."].)

As stated by the *Calhoun* court, "[t]he very notion of aggregation runs counter to the fundamental restrictive purpose of" section 904.1(a)(12) (*Calhoun*, *supra*, 20 Cal.App.4th at p. 44), and aggregating multiple sanction orders to create appellate jurisdiction "would derogate [section 904.1(a)(12)'s] restriction on the right of appeal." (*Ibid*.) We reject Chao's argument that we should aggregate the amounts of the prior sanctions orders to render the September 24 order appealable.

Finally, while we have discretion to treat an appeal from a nonappealable order as a petition for a writ of mandate (§ 904.1, subd. (b)), we do so only in extraordinary or unusual cases. (*City of Gardena*, *supra*, 192 Cal.App.4th at p. 599, fn. 4; *Sears, Roebuck & Co. v. National Union Fire Ins. Co. of Pittsburgh* (2005) 131 Cal.App.4th 1342, 1349; *Olson v. Cory* (1983) 35 Cal.3d 390, 401.) Chao does not request that we treat his appeal as a writ of mandate or argue that any extraordinary or unusual circumstances exist. We have moreover reviewed the record on appeal and conclude that no such circumstances are present here. We therefore decline to exercise our discretion to treat this matter as a petition for writ of mandate.

*C. Sanctions on Appeal*

In her respondent's brief, Lin argues that this court should grant sanctions against Chao because his appeal is frivolous due to Chao's "aggressive behavior," refusal to pay attorney fees despite court orders mandating payment, and filing an appeal "with virtually no relevant record" and "no valid legal points." In her briefing, she states that she will file a separate motion for sanctions.

12

Under the governing rules, an appellate court "may impose sanctions . . . on a party or an attorney" (Cal. Rules of Court, rule 8.276(a)) for "[t]aking a frivolous appeal or appealing solely to cause delay." (*Id.*, rule 8.276(a)(1).) But "[a] party seeking sanctions on appeal must file a separate motion for sanctions that complies with the requirements of" the applicable rules. (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402.) The motion "must include a declaration supporting the amount of any monetary sanction sought and must be served and filed before any order dismissing the appeal but no later than 10 days after the appellant's reply brief is due." (Cal. Rules of Court, rule 8.276(b)(1).) If the party seeking sanctions fails to comply with these requirements, it is "not entitled to be heard on the subject." (*Kajima*, at p. 1402; *Bak v. MCL Financial Group, Inc.* (2009) 170 Cal.App.4th 1118, 1127–1128.)

Chao filed his reply brief on June 2, 2025. Lin did not timely file a separate motion for sanctions. Because Lin "failed to follow the proper procedure for requesting sanctions," we decline her request. (*Committee to Save the Beverly Highlands Homes Assn. v. Beverly Highlands Homes Assn.* (2001) 92 Cal.App.4th 1247, 1273, fn. 10.)

## III. DISPOSITION

The appeal from the September 24, 2024 order imposing sanctions under Family Code section 271 is dismissed. Respondent is awarded costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____
Danner, Acting P. J.

WE CONCUR:


_____
Wilson, J.


_____
Bromberg, J.

**H052699**
*Lin v. Chao*